LOUIS LANDE, by ABRAM LANDE, His Guardian ad Litem, Appellant, *v.* L. & S. CONSTRUCTION COMPANY, INC., Respondent.

First Department, April 9, 1920.

**Negligence — injury caused by sudden closing of gate — evidence raising questions for jury — verdict of six cents inadequate.**

In an action for personal injuries it appeared that the plaintiff, while watching a policeman chase a person through the back area of the defendant's premises and while having his hand upon an iron gate post inclosing the area, had his fingers seriously injured by the sudden closing of the gate by

a janitress employed by the defendant. Evidence *held*, sufficient to present the question of lack of reasonable care to the jury and that a verdict for six cents damages was wholly inadequate.

The question as to whether the janitress in the exercise of reasonable care should have looked to ascertain whether the plaintiff's fingers were upon the post when she shut the gate was a question for the jury.

APPEAL by the plaintiff, Louis Lande, from a judgment of the County Court of the county of Bronx in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 4th day of April, 1919, upon the verdict of a jury for six cents, and also from an order entered in said clerk's office on the 14th day of April, 1919, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*Keron F. Dwyer* of counsel [*Nathan Lieberman*, attorney], for the appellant.

*James A. Gray* of counsel [*Charles R. Coulter*, attorney], for the respondent.

SMITH, J.:

The plaintiff's injury was a serious one. Three fingers of his left hand were caught between a gate and a post and so injured that he will not have the full use of those fingers for the rest of his life. If the plaintiff were entitled to any verdict, the damages are insufficient and a new trial must be granted.

The defendant, however, seeks to sustain this judgment and this order upon the ground that the plaintiff was not entitled to any verdict. The determination of this question calls for an examination of the evidence presented by the case. The defendant was the owner of an apartment house. The entrance to the back of that apartment house was through a gate in an iron fence which opened up the back area. Upon the day in question a policeman was chasing a man who ran into this back area, climbed upon the fire escape and sought to ascend to the upper part or top of the building. The policeman was following him. A crowd gathered upon the sidewalk opposite this back area and the plaintiff was standing upon the sidewalk with his hand upon the post of the gate,

looking at this man and the pursuing policeman. A number of the spectators had crowded into the area. The janitress of the defendant came out and drove them from the area and slammed the gate. When the gate was closed the plaintiff's fingers were caught and the injury was sustained for which this action has been brought. This gateway was apparently entirely upon the premises of the defendant, and the defendant's contention is that the plaintiff was there merely as a licensee, and that no care was owing to him, save the care not willfully to injure him. The plaintiff insists that the defendant owed him the duty to exercise reasonable care not to injure him, and that there was sufficient evidence of a lack of reasonable care to present a question of fact, and with the findings of the jury in his favor, the damages foudn were wholly inadequate. In *Walsh* v. *F. R. R. Co.* (145 N. Y. 301) the law is stated as to the duty owing to a licensee: " The defendant had no right intentionally to injure him, and it would be liable if it heedlessly or carelessly injured him while performing its own business. It owed him a. duty to abstain from injuring him either intentionally *or by failing to exercise reasonable care*, but it did not owe him the duty of active vigilance to see that he was not injured while upon its land merely by permission for his own convenience."

We think there was sufficient evidence to carry the case to the jury upon the failure of the defendant's servant to exercise reasonable care. Whether this janitress, in the exercise of reasonable care, should have looked to ascertain whether any boy's fingers were upon this post when the gate was shut, is in our judgment a question for the jury to decide.

The judgment and order should, therefore, be reversed and a new trial granted, with costs to plaintiff to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.