SARAH MORRISON, Appellant, *v.* HOTEL RUTLEDGE COMPANY, INCORPORATED, and Others, Respondents.

First Department, April 7, 1922.

Master and servant — action by discharged employee of hotel to recover for injuries suffered in falling on basement stairs while going to kitchen to get personal tools — plaintiff discharged in evening but permitted to remain in room over night — accident occurred in morning — fall caused by soap left on stairs by servant — defendant responsible for servant's negligence — complaint improperly dismissed — plaintiff not guest of hotel — defendant owed duty to plaintiff, licensee, not to injure her by active negligence.

In an action by a discharged employee of a hotel company to recover for injuries suffered in falling on the basement stairs while going to the hotel kitchen to get her personal tools, it appeared that she was discharged in the evening, but was permitted to retain her room for the night, and that in going down the stairs the next morning she stepped on a piece of soap left on the stairs by a servant and fell.

*Held,* that the negligence of the servant in leaving the soap on the stairs was the negligence of the defendant, and it was not necessary that the soap should have

been upon the stairs a sufficient time to have given the defendant opportunity to find it there through an inspection in order to make defendant liable.

There was sufficient evidence presented by the plaintiff to authorize the jury to say that the negligence of the defendant's servant in leaving the soap upon the stairs caused the injury, and it was, therefore, improper to dismiss the complaint at the close of the plaintiff's case.

Though the plaintiff testified that she asked to hire a room in the hotel after her discharge, it cannot be held that she was a guest of the hotel, but if she were a guest of the hotel she had no business on the stairway at the time of the accident, which was a servants' stairway leading to the basement, and the hotel owed no duty to keep that stairway safe for guests.

Upon the discharge of the plaintiff she had an implied license to get tools that belonged to her which were in the kitchen and to go down the stairs in question for that purpose, and the defendant owed her the duty not to injure her by any active negligence.

APPEAL by the plaintiff, Sarah Morrison, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 3d day of November, 1919, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Arthur F. Engel* of counsel, for the appellant.

*William Dike Reed* of counsel [*William B. Shelton* with him on the brief], for the respondents.

SMITH, J.:

The plaintiff was an employee of the Hotel Rutledge Company, Inc., the defendant. She was discharged on the night of April 11, 1916. The discharge was not until eight-thirty o'clock. She was allowed to retain her room for the night. The next morning she went down a stairway which led from the office floor to a basement and to the kitchen, for the purpose of getting her knives and bags, as she says, which she used in her pastry work that she had been doing at the hotel. She slipped upon the stairway and suffered the injuries for which she complains. After her injury she was taken to her room, and, when there, found upon her shoe some brown soap.

In the lower part of this stairway a scrub-woman was scrubbing the steps. The claim of the plaintiff is that this soap had been left upon this stairway by this scrub-woman and caused her fall. The scrub-woman was the agent of the defendant. If her negligence caused the injury, it is not necessary that the soap should have been upon the stairs sufficient time to have given the defendant opportunity to find it there by reason of an inspection. The knowledge of the scrub-woman was the knowledge of the defendant. Her negligence was the negligence of the defendant.

The plaintiff had her hand upon the rail on her left as she was going down the stairs. Her right foot slipped and she swears that

First Department, April, 1922. [Vol. 200

something flew out from under it. She concludes that it was a cake of soap from the fact that she found some soap, about a teaspoonful, upon her shoe, upon the heel and instep on the outside of her shoe, when she got to her room. The scrub-woman was not produced at the trial by the defendant, and, in fact, the complaint was dismissed upon the plaintiff's own case. I think the jury was authorized to say that the negligence of the defendant's servant in leaving this soap upon the stairway caused this injury.

A question still remains as to what duty was owing by the defendant to the plaintiff. It is claimed by the plaintiff's counsel that she was a guest in the hotel. This is based upon her testimony that she asked the proprietor of the hotel if she might hire a room for that night because of the lateness of the hour of her discharge. I do not think she was a guest of the hotel. In the first place her story is most improbable that she asked to hire a room. She undoubtedly asked to be allowed to occupy the room. But if we assume for the argument that she was a guest, she had no business on this stairway that simply led to the basement and the kitchen. An hotel proprietor has no duty to keep a cellar stairway safe for his guests. The servants oftentimes used the elevator to the kitchen, but there were certain hours in the day when the servants were required to walk up and down this stairway to get to and from the kitchen. Her business was in the kitchen as pastry cook. Upon her discharge she had the implied license to get the tools that belonged to her that were in the kitchen and which she had been using in her work. As a guest she had no right to go down that stairway, but she clearly had a license to go down for the purpose of getting those knives and pastry bags which were her property. Assuming that she was a licensee, then this defendant owed to her the duty not to injure her by any active negligence. This court so held in *Lande* v. *L. & S. Construction Co., Inc.* (191 App. Div. 497); and the same rule has been stated in the Court of Appeals in *Walsh* v. *F. R. R. Co.* (145 N. Y. 306). As to a trespasser or licensee, the defendant owed no active vigilance, nor was the defendant liable for any passive negligence in failing to keep the premises in good repair; but for active negligence the defendant was liable under the authorities cited.

The complaint was, therefore, improperly dismissed and the judgment should be reversed, with costs, and a new trial granted, with costs to appellant to abide the event.

DOWLING, LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.