ELIZABETH ALSTON, Appellant, *v.* 141 WEST 71ST STREET CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, April 29, 1925.

**Negligence — action by employee of tenants of building to recover for injuries suffered when she fell downstairs — fall was caused by door mat left on stairs by porter — error to dismiss complaint.**

In an action to recover damages for injuries suffered by the plaintiff when she fell downstairs in defendant's apartment house in which it appears that she

was engaged as a part time worker by several tenants of the apartment house, that as she was going downstairs she stepped on a door mat which caused her to fall to the bottom of the stairs, and that the door mat was left on the stairs by the porter or at least was left on the banister or rail by him, it was error to dismiss the complaint at the close of the plaintiff's case, for the jury might have inferred that the porter had been guilty of negligence in permitting the condition to exist which endangered the safety of the plaintiff and others who had occasion to use the hall and stairway.

APPEAL by plaintiff from a judgment of the City Court of the City of New York dismissing the complaint at the close of plaintiff's case.

*Samuel R. Robinson* [*Julian J. Raphael* of counsel], for the appellant.

*James J. Mahoney*, for the respondent.

PER CURIAM:

This action was for negligence. The complaint was dismissed at the close of plaintiff's case.

Plaintiff was employed as a " part-time worker " by several tenants of an apartment house owned by defendant. On January 27, 1923, at about four P. M. she left an apartment on the fourth floor of the building intending to go down to an apartment on the third floor. While descending the stairs she stepped on a door mat and fell to the bottom sustaining severe injuries.

It appears that a porter in the employ of defendant was engaged in cleaning the hall. He was called as a witness by the plaintiff and testified that he had removed some of the hall mats from the entrance to various apartments and " had laid them right over the rail " or banister. He denied, on cross-examination, that he had placed a door mat on the third step of the flight of stairs where it is alleged by the plaintiff that she had fallen. It did not appear that the mat was securely laid over the rail or banister.

A jury might have inferred that the porter had been guilty of negligence in permitting a condition to exist which endangered the safety of plaintiff and others who may have had occasion to use the halls and stairways. If the jury found that the porter, in the performance of his work, had negligently created the condition of which the plaintiff complains, the defendant would have been liable to the plaintiff, provided, of course, that there was no contributory negligence on her part. (See *Morrison* v. *Hotel Rutledge Co., Inc.*, 200 App. Div. 636; *Graham* v. *Bauland Co.*, 97 id. 141; *Smith* v. *L. I. R. R. Co.*, 79 id. 171.)

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

All concur; present, GUY, WASSERVOGEL and GLENNON, JJ.