FANNIE WIGDOROWITZ and Another, Respondents, *v.* ABRAM ABRAHAMS, Appellant.

First Department, November 18, 1932.

*Alvin R. Cowan* of counsel [*Albert A. Klein* with him on the brief; *Harold M. Phillips*, attorney], for the appellant.

*Peter A. Lee* of counsel [*Max Brandes* with him on the brief], for the respondents.

SHERMAN, J. Plaintiffs (husband and wife) were tenants, on the floor above the ground floor, in defendant's apartment house. Plaintiff Fannie Wigdorowitz came down the staircase from her apartment to the ground floor. She descended the stairway safely but in taking a step in the main hallway she slipped and fell, receiving the injuries for which this suit was brought.

The complaint is in negligence. The evidence at trial was that defendant's janitress had been washing the hall immediately preceding the accident and in so doing had used soapy water. Plaintiff, when she was part way down the staircase, saw the janitress bending down and washing the floor at the foot of the staircase with soap and water. This is contrary to her bill of particulars which states that the hall was being washed " immediately preceding accident," of which fact plaintiff was " unaware." She fell after taking one step from the foot of the stairway.

It is contended that defendant's negligence was shown because the janitress left soapy water in the hallway after the process of

washing had been completed. But the evidence falls short of proving that the janitress had negligently left the floor in a dangerous condition through soapy water. On the contrary, plaintiff saw her at work and knew that she had not completed the cleansing work upon which she was engaged.

Section 104 of the Tenement House Law requires every owner of a tenement house to keep all parts thereof in a state of cleanliness. In the performance of this duty the use of soap and water by the landlord's agent is not only permissible but is requisite in the process of cleaning.

Negligence on defendant's part was not shown. The mere presence of soapy water in the hallway of a tenement house during the process of cleaning does not constitute negligence. (*Samuels* v. *Terry Holding Co., Inc.*, 227 App. Div. 68.)

The case of *Morrison* v. *Hotel Rutledge Co., Inc.* (200 App. Div. 636) is clearly distinguishable. There defendant was guilty of negligence in that its employee, in washing the staircase upon which plaintiff fell, had left a cake of soap on the stairs, upon which plaintiff stepped, and some of the soap was found adhering to her shoe after the accident.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., and MERRELL, J., concur; O'MALLEY and TOWNLEY, JJ., dissent and vote to affirm.

TOWNLEY, J. (dissenting). The record presents a question of fact whether the janitress had abandoned her work leaving wet soap suds on the floor or whether she was still occupied in washing the floor and had not finished the task. The law is settled that in the former case the defendant is liable (*Morrison* v. *Hotel Rutledge Co., Inc.*, 200 App. Div. 636) and in the latter that the defendant is excused (*Curtiss* v. *Lehigh Valley R. R. Co.*, 194 App. Div. 931; revd., 233 N. Y. 554).

There was some lack of clarity in plaintiff's testimony. The court properly charged that the jury must find from the evidence whether the janitress walked away and left the soapy spot without any warning. The reconciliation of any contradiction in the testimony was purely a jury question.

The judgment should be affirmed.

O'MALLEY, J., concurs.

Judgment reversed, with costs, and the complaint dismissed, with costs.