GENEVIEVE L. RIGNEY, Plaintiff, *v.* HORN & HARDART Co., INC., Defendant.*

City Court of New York, Trial Term, Queens County, May 27, 1937.

*Leonard H. Lester* [*William B. Banister* of counsel], for the plaintiff.

*E. C. Sherwood* [*O. A. Thompson* of counsel], for the defendant.

LIVOTI, J. This action arose out of an accident that took place on November 19, 1935, at about five P. M., while plaintiff was descending a stairway leading to a basement restaurant of the defendant company. The plaintiff testified that as she was about to start down this stairway, which was about eight or nine feet wide and separated in the middle by a handrail supported by uprights at intervals of every three or four steps, she noticed a man in a white

* Revd., 164 Misc. 711.

uniform bending over and using a rag in the act of washing the steps on the right-hand side of the stairway. She then turned to the left-hand side and did not notice that any of the steps were wet. After having descended some three or four steps, with her right hand on the middle rail, she was caused to slip and fall. Immediately thereafter she saw a spot containing soapy water at the point where she fell.

The defendant rested on the plaintiff's case. The case was submitted to the jury; one of the instructions being: " I charge you that if the presence of soap and water on this stairway was necessitated by the fact that work was still in progress, there can be no recovery in behalf of this plaintiff as against this defendant. If you find, however, that work was completed on the stairway, and that there was a dangerous condition there, and this lady in no way was negligent in the bringing about of this accident, then and only then can you find on behalf of the plaintiff." The jury returned a verdict in favor of the plaintiff.

In view of the fact that in the case at bar there was no evidence as to whether or not the left-hand side of the stairway, separated by a railing, had been washed, it seems to me that the jury were at liberty to treat the steps as two stairways. In addition, the jury were privileged to infer either that washing had been completed on the left-hand side and a wet spot left on one of the steps or that the step was made slippery by the placing of soapy water on it an instant or two before the happening of the accident. I hold that there were questions of fact which were properly submitted to the jury. The motion to dismiss the complaint, upon which the court reserved decision at the close of the whole case, is denied, as is the motion for a new trial made under section 549 of the Civil Practice Act. (*Shearod* v. *Forty-first & Park Avenue Corp.*, 254 N. Y. 618; *Worth* v. *Ebinger Baking Co., Inc.*, 225 App. Div. 765.)

The cases of *Amsterdam* v. *Hotel Astor, Inc.* (130 Misc. 656); *Kerstein* v. *Goodman* (Id. 714); *Jacobs* v. *Danziger* (131 id. 475); *Samuels* v. *Terry Holding Co.* (227 App. Div. 68; affd., 253 N. Y. 593); *Wigdorowitz* v. *Abraham* (237 App. Div. 81); *Curtiss* v. *Lehigh Valley R. R. Co.* (233 N. Y. 554), and *Norwood* v. *Schacher* (270 id. 555) are distinguishable in that in each of those cases liability was predicated upon the fact that washing was in progress and that the plaintiff knew or should have known that the floor was slippery.