ROSA HODGE et al., Respondents, v. NIAGARA FALLS GAZETTE PUBLISHING COMPANY, Appellant.—

Memorandum: The respondents specify three items which it is claimed would delude a reasonably careful person into thinking that the last step of the stairway was the floor level, to wit: (1) width of the last step; (2) similarity in appearance of the last step and the floor; (3) handrail not extended to the floor. The width of the step may be disregarded because Mrs. Hodge does not attribute her fall to that. There is no causal connection with the handrail and the accident. Her husband was between her and the rail, and, in any event, she chose to depend on her husband's arm, rather than the rail. She does not say she looked where she stepped. She did not trip or slip. There was no negligent construction or maintenance of the stairway established. Any violation of the building code as to the railings has no causal connection with the accident. No reason is apparent why she thought the step was the floor, and there is no evidence which will support a finding that to a reasonably careful person they looked alike. All concur, except Wheeler, J., who dissents and votes for affirmance in the following memorandum: I dissent, for the reason that I feel a jury question was presented as to the negligence of the defendant. The accident-free history of the stairway upon which Rosa Hodge fell is not impressive in view of the cause asserted by the plaintiff for her fall. The alleged deceptive appearance to the person descending the stairs was created only upon the installation of new stair treads two or three years before the accident. The construction of the deeper tread upon the first step may not have been negligent in and of itself or in the appearance to users of the stairs for the first

thirty-six years, but the unusual depth of that tread, combined with the similarity in color and pattern of the new treads and the tile border on the floor near the first step presented to the descending user a visual situation non-existent before the installation of the new treads. Having had the benefit of the uncontradicted expert opinion as regards the proper construction of stair treads, as well as the other facts, it was the function of the jury to determine whether or not the accident could have been reasonably foreseen. (Appeal from a judgment of Niagara Trial Term for plaintiffs in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.