MINNA BLOCH, Appellant, *v.* FRANK G. SHATTUCK COMPANY et al., Defendants, and NATIONAL CITY BANK OF NEW YORK, Respondent.

First Department, June 26, 1956.

*Walter C. Whelan* of counsel (*William H. Morris* with him on the brief; *William F. Giesen,* attorney), for appellant.

*Archie B. Morrison* of counsel (*Patrick D. Warren* with him on the brief; *William S. O'Connor,* attorney), for respondent.

*Per Curiam.* Defendant National City Bank of New York owned two contiguous office buildings. After patronizing a restaurant in one of the buildings, plaintiff left the restaurant through two side doors that swung outward to the vestibule of the other building owned by the bank. This building contained an entrance to the subway. Each side door bore the warning, '' For Emergency Use Only ''. Immediately outside these doors was a short platform that dropped five to six inches to the remainder of the vestibule floor.

Plaintiff testified that because of the uniformly wet and muddy condition of the vestibule floor and the inadequate lighting in the vicinity of the raised platform, there was a sameness of color between the platform and the lower vestibule floor. As a result she did not see the step-down at the end of the platform and fell off it, sustaining serious injuries. It is not disputed that the restaurant and not the bank was charged with the duty of cleaning the platform and step. The restaurant had a revolving door fronting on the street, that was intended as the means of egress and ingress for its patrons.

The trial court dismissed the complaint at the end of plaintiff's case, holding that plaintiff was a licensee on the premises adjoining the restaurant, and that as a licensee she had not established such affirmative negligence on the part of the bank as would render it liable (*Weitzmann* v. *Barber Asphalt Co.,* 190 N. Y. 452; *Morrison* v. *Hotel Rutledge Co.,* 200 App. Div. 636). We agree that if plaintiff were on the premises as a licensee she is not entitled to recover, for defendant bank owed her only the duty not to injure her by active negligence. However, there was some evidence presented by plaintiff to the effect that on occasion people did use the side doors — particularly on rainy nights when restaurant patrons wished to gain access to the subway without going out on the sidewalk and using the street entrance to the adjoining building. There was also evidence from which a jury might find that the place where the accident occurred, because of the inadequate

lighting and the overall muddy condition of the floor, created an illusion of one level plane and thereby presented a deceptive appearance of safety and that the maintenance of such a dangerous condition represented a breach of duty to an invitee.

"In view of the dismissal we must take the facts in a light most favorable to the plaintiff and, in determining whether the facts proved constitute a cause of action, give him the benefit of every favorable inference which may reasonably be drawn." (*Osipoff* v. *City of New York*, 286 N. Y. 422, 425.) The jury might have found that the landlord, operating the two contiguous buildings, and knowing of the practice of the restaurant patrons in using the side doors, had extended an implied invitation to such patrons to use those side doors despite the warning legend (cf., *Sciolaro* v. *Asch*, 198 N. Y. 77, 82; *Heskell* v. *Auburn Light, Heat & Power Co.*, 209 N. Y. 86, 91). Of course, we do not pass on the weight of the evidence on this appeal.

Since upon this record it would appear that plaintiff, given the benefit of every reasonable inference, established a prima facie case, the judgment appealed from should be reversed and a new trial ordered.

PECK, P. J., BREITEL, BOTEIN, RABIN and COX, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.