Chief Judge Conwat (dissenting).
On April 6,1956 Josephine Zubas, the plaintiff, went with her son, Stanley Zubas, to defendants ’ funeral parlor to pay their respects to a deceased friend. They arrived between 7:30 and 8:00 p.m. when it was dark. The funeral home which is located in Tarrytown has a large semicircular driveway with a porte-cochere at the front door. There is no parking lot as such. As one faces the premises from the street, the right-hand, or entrance part of the driveway, divides. Part of the driveway swings around to the left under the portecochere, and then continues back toward the street. The other part of the driveway continues straight along defendants’ property line to a garage at the right rear of the funeral home. Running parallel to this right-hand part of the driveway is the driveway of defendants ’ neighbor. Between the two driveways, which are both paved with blacktop, is a retaining wall about 18 inches wide across the top which was painted white and which was built by the defendants. On defendants’ side, the wall is somewhere between 2 and 6 inches high, the height varying with the witnesses. However, the neighboring driveway is on a lower level and runs more or less downhill on a different plane. Thus, although the wall is somewhere between 2 and 6 inches high on defendants ’ side, there is a drop on the other side which increases from about 14 inches to over 4 feet.
As plaintiff entered the driveway as a passenger in her son Stanley’s automobile, there were a number of automobiles already parked in the driveway. Stanley came to a halt behind the last automobile on the right side of the driveway and about 2y2 to 3 feet from the retaining wall. Plaintiff alighted from the right side and walked around toward the right front of the automobile. She then told her son that he was parked too far from the wall for the safety of the car and told him to pull it in closer. She turned, facing Stanley as he was backing up, i.e., facing the street, stepped on the wall which is about 18 inches wide and only between 2 and 6 inches high on her side, and immediately fell into the driveway on the other side, sustaining severe injuries.
There was a trial before a jury which found for the plaintiff. However, the Appellate Division reversed the judgment on the law and the facts, with one Justice dissenting, and also dismissed the complaint. They also stated that, in any event, they would have granted a new trial on the ground that the verdict was against the weight of the evidence.
*918 Thus, the issue before our court is whether plaintiff has made out a prima facie case, and plaintiff is, of course, entitled to every favorable inference which can be drawn from the facts (Stein v. Palisi, 308 N. Y. 293; Sagorsky v. Malyon, 307 N. Y. 584). The Appellate Division disagreed with the court and jury below in two particulars. That is, the Appellate Division found (1) that the scene of the accident was sufficiently illuminated for the plaintiff to see the drop and also (2) that defendants could not reasonably foresee that persons would stand on the wall thus exposing themselves to the drop on the other side. In our consideration of these issues, we must bear in mind, as we have observed in Sadowski v. Long Is. R. R. Co. (292 N. Y. 448, 455), that:11 Essentially, what is negligence in a given case is a question of fact. Each case depends upon its own peculiar circumstances. Decisions in other actions in which damages are sought for personal injuries furnish no criterion or guide for determination of what is or is not negligence in a particular case involving its own peculiar facts and circumstances. Under circumstances existing in one case the ordinary care required might not be the same as that required under other circumstances. Negligence arises from breach of duty and is relative to time, place and circumstance. * * * Ordinary care must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated from the neglect
We note at the outset that defendants neither seek to distinguish their various liabilities nor do they question plaintiff’s status as a business invitee. In relation to the issue of proper illumination, it is undisputed that there was a big tree between the scene of the accident and the nearest street lamp. Moreover, the only proof that the next closest street lamp contributed any illumination is contained in an affirmative answer by a foreman of the Tarrytown Highway Department made in response to a leading question as to whether that bulb would put any illumination on defendants’ driveway. The lighting provided by defendants on the grounds proper consisted in a light in the ceiling of the porte-cochere which light was partially blocked and which was 40 feet from the scene of the accident, and in a light on the garage at the end of the driveway which was hundreds of feet away from the scene. It is claimed that some light was shed by a brightly lighted A & P store across the street but that store is not directly across the street but is further up the block. In *919 addition, defendants maintained no lights on the driveway itself. Nor can it be contended that sufficient illumination was provided by the lights of Stanley’s automobile particularly since he only had his parking lights on at the time of the accident. Neither is it controlling that the plaintiff recognized an acquaintance passing by on the street shortly after the accident. It is well within the common experience of juries that one in a dark place can readily see objects that are close to illumination. And juries may certainly draw upon such common experience in their deliberations. (See Shaw v. Tague, 257 N. Y. 193; Benson v. Dean, 232 N. Y. 52, 56.)
In addition to the foregoing, there is substantial evidence in favor of the plaintiff. For example, the plaintiff, although she is an elderly woman with difficulties with the English language, made it quite clear in her testimony that it was dark and that she was not aware of the disparity in height between the sides of the wall. Plaintiff also testified that she thought that everything was on the same level, and plaintiff’s theory is that the improper lighting caused an illusion induced by the similarity in color of the two driveways that both were on the same level. There is enough evidence here for a jury to decide whether defendants ’ premises presented a ‘ ‘ deceptive appearance of safety ” based on such an illusion of levelness. (See Bloch v. Shattuck Co., 2 AD 2d 20, 21-22.) Furthermore, the evidence presents many other factual considerations, outstanding among which is the indisputable fact that there is a big tree between the street lamp and the wall. Hence, it follows that we cannot say that the place was sufficiently illuminated as a matter of law. For the same reason, we cannot say that this plaintiff was able to see the danger as a matter of law. The jury found that she did not as a matter of fact.
Nor can we say that the plaintiff was contributorily negligent or had assumed any risk as a matter of law. Plaintiff’s proof presents a place which appears safe at first glance. This is not a plaintiff who chose, as in Orcutt v. Pomonok Country Club (2 A D 2d 961, motion for leave to appeal denied 3 N Y 2d 773), to wander in a strange, dark place full of hidden dangers but rather one who stood on an innocent looking boundary wall which was only about the height of a curbstone on her side, presumably to stay off the driveway while her son was moving the automobile closer to the wall.
*920 The Appellate Division was also in error in holding that it was not within the range of reasonable foreseeability that one would stand on the wall and, through mishap, fall into the neighboring driveway. That was a finding of fact. There were cars parked on the right side of the defendants’ driveway when the plaintiff entered the premises, and defendants did not have any other parking facilities. Hence, the wall and the drop beyond it were on the passenger side of vehicles in a place where one could reasonably expect passengers to alight. In fact, defendant Edwin Coffey admitted on cross-examination that he had previously seen people getting out of automobiles in the vicinity of the retaining wall. Such automobiles might be parked so close to the wall, which on defendants ’ side is about the height of a curbstone, that passengers would step on the wall to get around the automobiles to go toward defendants’ funeral home. Or pedestrians might step on the wall to avoid incoming automobiles. A false step in either case would cause grave injuries. Thus, there was clear proof that defendants were able to foresee danger and that they had a duty to see that proper safeguards, including signs or proper illumination, were provided for this plaintiff whose standing as a business invitee is unquestioned. Accordingly, the plaintiff made out a prima facie case and the Appellate Division had no power to dismiss the complaint.
The judgment of the Appellate Division should be reversed and a new trial granted.
Judgment affirmed.