Belle HEIT, Plaintiff-Appellee,

v.

SHA–WAN–GA LODGE, INC.,
Defendant-Appellant.

No. 281, Docket 26676.

United States Court of Appeals
Second Circuit.

Argued Feb. 20, 1961.

Decided March 23, 1961.

**66**

Robert D. Foglia, New York City (E. Edan Spencer, New York City, on the brief), for defendant-appellant.

Philip Bareish, New York City, for plaintiff-appellee.

Before HINCKS and MOORE, Circuit Judges, and BRENNAN, District Judge.*

PER CURIAM.

On the day of the accident which gave rise to this litigation, plaintiff arrived with her cousin for a vacation at the Sha-Wan-Ga Lodge, a resort hotel operated by the defendant-appellant in the Sha-Wan-Gunk Mountains of New York State. Access to their room was by a stairway to a landing, from which there was a step-up of about four inches to a covered porch from which the room opened. This step was not marked in any way, and both the landing and the porch were painted the same shade of gray. The porch had a white rail, or balustrade, which extended around and included the landing with no change in the level of its top. The view from the porch is of beautiful mountain scenery.

Shortly after Miss Heit's first trip to the room, she returned, missed the step from the porch to the landing and sus-

tained injuries to recover for which this action was brought. On trial to the court Judge Sugarman found the issues in favor of the plaintiff.

■ Appellant's argument that there was no proof of a dangerous condition is without merit. New York law recognizes that a defendant may be negligent when, as here, coloring and other circumstances combine to create the optical effect of one level when more than one exists. Bloch v. Frank G. Shattuck Co., 1st Dept., 2 A.D.2d 20, 152 N.Y.S.2d 964; Hinkel v. R. H. Macy, Inc., Sup.Ct., N.Y.Cty., 201 N.Y.S. 211. Hodge v. Niagara Falls Gazette Pub. Co., 4th Dept., 286 App.Div. 1063, 145 N.Y.S.2d 355, 356 affirmed without opinion, 1 N.Y. 2d 801, 153 N.Y.S.2d 62, 135 N.E.2d 595, upon which appellant principally relies, is distinguishable on the facts: there, as the Appellate Division said in reversing, there was "no reason * * * apparent why she thought the step was the floor." Here Judge Sugarman found as a fact that "a deceptively safe appearance * * * exist[ed] between the platform and landing * * * so that the same appeared to be one continuous passageway at the same level." We cannot, especially after having seen photographs of the locus, say that this finding was "clearly erroneous." Fed.Rules Civ. Proc. 52(a), 28 U.S.C.A.

The appellant also complains that the damages awarded were excessive in view of the absence of surgery and the modest outlay for medical expenses. Here too we think the finding was by no means clearly erroneous.

Affirmed.

* Sitting by designation.