OTTO SCHREIBER, Respondent, *v.* PHILIP & MORRIS RESTAURANT CORP., Appellant.

First Department, March 31, 1966.

*William F. McNulty* of counsel (*Bachkoff, Miller & Steger,* attorneys), for appellant.

*Harvey Goldstein* of counsel (*Meyer Schiff, Charles H. Sterenfeld* and *Alan J. Sterenfeld* with him on the brief; *Werner & Alfano,* attorneys), for respondent.

*Per Curiam.* Defendant restaurant appeals from a judgment based on a jury verdict of $25,000 in favor of plaintiff after trial of a personal injury negligence action.

Plaintiff, a retired 78-year-old minister, had been under treatment for 10 years prior to the accident in suit, for cataracts in both eyes. He sustained grave injuries to one of his diseased eyes following a fall from a step or platform leading into the men's room located at the bottom of a flight of stairs in the basement of defendant's restaurant.

Plaintiff contends that the door of the men's room which opened inward, hid the existence of a dropped interior step or platform. The drop measured some 7 inches to the floor. This raised platform or step was of white marble, while the floor was black and white checkered tile. Plaintiff testified that the only sign appearing on the door was one saying "Men's Room," although defendant introduced its own testimony that on the door there was the additional legend "Please Watch Your Step." This testimony was corroborated by the testimony of the sign painter and his bill rendered for the services.

Giving plaintiff the benefit of all factual inferences, he failed to make out any actionable negligence on defendant's part.

It is true that recovery has been allowed for falls caused by stepdowns or changes in floor level. The cases involve, generally, factual elements distinguishable from the present case. Thus, findings of liability have typically turned on factors such as inadequate warning of the drop, coupled with poor lighting, inadequate demarcation between raised and lowered areas, or some other distraction or similar dangerous condition (see, e.g., *Tehan* v. *Freed*, 287 N. Y. 806; *Murphy* v. *Board of Educ. of City of Utica*, 20 A D 2d 53, app. dsmd. 16 N Y 2d 660; *Bloch* v. *Shattuck Co.*, 2 A D 2d 20; *Hanley* v. *Butler, Inc.*, 167 App. Div. 329; *Heit* v. *Sha-Wan-Ga Lodge*, 288 F. 2d 65; Anno: Floor Level — Change — Injury, 65 ALR 2d 471, particularly pp. 477–478, 483–488, 493–495). In no case was there involved simply one more unexpected step at the bottom of a well-lighted, known descent. Moreover, even where the adequacy of the lighting was questionable and the lighting was concededly uneven, it has been held that one who was aware of the presence of a first step must take precautions to ascertain whether or not there is another (*Weller* v. *Consolidated Gas Co.*, 198 N. Y. 98).

In the present case, by-passing the issue of the existence of a warning sign, which is in some dispute, plaintiff's own testimony established that both the stairway leading down to the men's room and the men's room interior were adequately lit. The photographs establish, and it was undisputed, that the floor of the men's room was of black and white checkered tile. The single inside step or platform, from which plaintiff must have fallen, was of white marble and provided an obvious contrast with the checkered floor.

Plaintiff's failure to see the drop resulted not from any lack of demarcation between the floor and the step nor from any other obstruction, distraction, or "hidden trap." Rather, it was caused by plaintiff's loss of balance immediately after opening the men's room door; according to his own testimony he opened the door, lost his balance, and saw "nothing." Nor, apart from the bare existence of the drop and the fact that the door opened inward, did plaintiff offer any further evidence of negligence.

No authority cited by either side involves this precise type of stepdown, located behind a doorway and at the base of a flight of stairs. Nevertheless, the cases do make it clear that a finding of negligence cannot be predicated on the mere existence of such a drop without more. In *Hodge* v. *Niagara Falls Gazette*

*Pub. Co.* (286 App. Div. 1063, affd. 1 N Y 2d 801), in reversing a judgment for a plaintiff who had sustained a similar fall and dismissing the complaint, the Appellate Division stated: "She does not say she looked where she stepped. She did not trip or slip. There was no negligent construction or maintenance of the stairway established. * * * No reason is apparent why she thought the step was the floor, and there is no evidence which will support a finding that to a reasonably careful person they looked alike." So, also, in *Brooks* v. *Bergdorf-Goodman Co.* (5 A D 2d 162), an especially strong case in this jurisdiction for the general proposition involved, this Court, affirming a judgment (after trial) for defendant store against a plaintiff who had fallen down two steps leading to a lower level, held (p. 163) that plaintiff was guilty of contributory negligence " as a matter of law," noting that plaintiff would have seen the drop had she "been the least bit observant or attentive to where she was going * * *" (See, also, involving substantially parallel fact situations, without warnings, *Dickson* v. *Emporium Mercantile Co.,* 193 Minn. 629; *Benton* v. *United Bank Bldg. Co.,* 223 N. C. 809; *Harrison* v. *Williams,* 260 N. C. 392; *Steele* v. *Slade,* 353 S. W. 2d 329 [Texas Civ. App.]; *Hill* v. *Tung Wah Low,* 126 N. J. L. 553; but cf. *Hansen* v. *Brown,* 123 N. J. L. 223.)

As to the disputed issue in the instant case of the presence of a warning sign, this was undoubtedly a question for the jury to determine, but its verdict is against the weight of the credible evidence. For example, plaintiff testified that he could not recall the warning legend " Please Watch Your Step " on the lavatory door, although its presence, at the time of the accident, was attested by compelling evidence, including the sign painter's testimony and bill rendered. This testimony of plaintiff lends itself more readily to the conclusion that his vision was impaired than to the one urged by plaintiff — that there was no such legend on the door. Hence, on any view, a new trial would have been required if the complaint were not dismissed.

Accordingly, the judgment should be reversed, on the law, the verdict set aside, and the complaint dismissed, with costs and disbursements to defendant-appellant.

Botein, P. J., Breitel, Stevens and Steuer, JJ., concur in *Per Curiam* opinion; Rabin, J., concurs in result.

Judgment unanimously reversed, on the law, with $50 costs and disbursements to appellant, and the complaint dismissed.