JOHNSON v. MOTOR CITY SALES CORPORATION.

1. Workmen's Compensation—Claim for Compensation—Evidence.
   Evidence presented in parents' claim for workmen's compensation for death of their recently married son who was claimed to be their sole support *held,* to support finding of workmen's compensation appeal board that they had made timely claim for compensation from the employer (CL 1948, § 412.15).

---

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation § 409 *et seq.*
[2] 58 Am Jur, Workmen's Compensation §§ 530, 534.
[3] 50 Am Jur, Statutes § 482.
[4] 50 Am Jur, Statutes § 223.
[5] 58 Am Jur, Workmen's Compensation § 357 *et seq.*

2. SAME—FINDING OF APPEAL BOARD—EVIDENCE—MARRIED SON'S SUPPORT OF PARENTS.

Evidence presented in support of parents' claim for workmen's compensation *held*, to support finding of workmen's compensation appeal board that the fatally-injured son, married but 7 weeks before being killed was living with his wife in the household of the parents and had supported them at time of his death, a finding which the Supreme Court is bound to accept (CL 1948, § 413.12).

3. SAME—SUBROGATION—AMENDMENT—RETROACTIVE CONSTRUCTION OF STATUTES.

The amendment of the subrogation provision of the workmen's compensation act whereby the action against a third-party tort-feasor by the injured employee or his dependents would bar a proceeding to recover workmen's compensation, or vice versa, so as to eliminate such bar, was remedial in character and retroactive in operation (CL 1948, § 413.15, as amended by PA 1952, No 155).

4. STATUTES—INTENT—CONSTRUCTION.

The intent of a statute, as expressed by legislative action, should not be altered by judicial construction.

5. WORKMEN'S COMPENSATION — SUBROGATION — WIDOW'S ACTION AGAINST THIRD-PARTY TORT-FEASOR—CLAIM FOR COMPENSATION BY PARENTS.

A proceeding to recover workmen's compensation for the death of their recently-married son was not barred by prior action by his widow against third-party tort-feasor whose negligent action had killed him, in which action plaintiffs had not participated although the death occurred prior to amendment of the subrogation provision of the workmen's compensation act and the proceeding to recover compensation was commenced after the amendment became effective (CL 1948, § 413.15, as amended by PA 1952, No 155).

Appeal from Workmen's Compensation Appeal Board. Submitted January 7, 1958. (Docket No. 7, Calendar No. 47,029.) Decided March 7, 1958.

Clemmie Johnson and Sanford Johnson presented their claims against Motor City Sales Corporation, employer, and Royal Indemnity Company, insurer, for compensation because of death of their son, Robert Johnson. Previously an action, conducted

by deceased's administrator against third-party tort-feasor, had resulted in consent judgment and allocation of proceeds with no provision made for dependent parents. Award to plaintiffs. Defendants appeal. Affirmed.

*Charfoos, Gussin, Weinstein & Kroll (Samuel Charfoos,* of counsel), for plaintiffs.

*Giltner, Humpsch, Giltner & Miley (John E. Miley,* of counsel), for defendants.

Carr, J. It is undisputed in this case that on the 23d of October, 1950, Robert Johnson, while working for Motor City Sales Corporation, sustained injuries in a traffic accident, resulting in his death on the following day. It is admitted also that the accident in question arose out of and in the course of his employment. He left a widow and his parents, the latter being the plaintiffs in the instant proceeding. An administrator of the estate was appointed and, pursuant to authority of the probate court, suit for damages was instituted against the driver of the automobile claimed to have been responsible for the fatal injuries sustained by Robert Johnson. The action was instituted on or about October 31, 1951. Issue was joined and thereafter, on January 12, 1953, a consent judgment was entered in the circuit court of Wayne County in the sum of $5,150.

The plaintiffs in the present proceeding, the parents of Robert Johnson, took no part in the action instituted by the administrator to recover damages. It does not appear that notices were served on them in connection with the proceeding, and the declaration filed omitted any reference to them. The damages sought by the administrator, as appears from the pleading filed, were limited to hospital, medical and funeral expenses, damages for pain and suffer-

ing on the part of decedent, loss of earnings throughout his expectancy of life, and pecuniary loss sustained by the widow. Following the entry of the consent judgment an order was made, on January 12, 1953, apportioning the proceeds to the payment of hospital and funeral expenses, and for the benefit of the widow of the deceased. Apparently the funeral expenses had been advanced by the mother of Robert Johnson and she was reimbursed accordingly, either wholly or in part. There was in the proceeding no claim of dependency on the part of the parents, and no reference to any possible rights that they might have, based thereon.

Under date of August 27, 1954, Clemmie Johnson filed with the workmen's compensation commission an application for hearing and adjustment of claim under the workmen's compensation act.* On January 7, 1955, plaintiff Sanford Johnson filed a like application. Answers to said applications denied liability, it being specifically alleged that plaintiffs were not dependents of Robert Johnson and that they had not made their claims within the period prescribed by the statute. The deputy commissioner before whom the proofs were taken denied compensation to plaintiffs on the ground that their claims had not been seasonably made.

On review, the workmen's compensation appeal board reversed the action of the deputy, awarding compensation to plaintiffs in the sum of $18.67 per week "share and share alike, from October 24, 1950, until further order of the workmen's compensation department but not to exceed 400 weeks from October 23, 1950." It was further set forth in the award that the sum received by the widow through recovery from the third-party tort-feasor should be treated

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1950 Rev and Stat Ann 1953 Cum Supp § 17.141 *et seq.*]).

as an advance payment of compensation under the provisions of the statute as amended by PA 1952, No 155, insofar as compensation benefits were payable to said widow. On leave granted, defendants have appealed from the award to the parents of Robert Johnson, but under the record no question with reference to that portion of the order relating to compensation to the widow is before us.

In support of the contention that the award to plaintiffs should be set aside, it is urged that the claims were not made within the time contemplated by the statute.* On the hearing before the deputy commissioner plaintiff Clemmie Johnson testified that on the morning following the death of Robert she and her husband had a conversation with the president of the defendant employer, that he was informed that both parents were entirely dependent on Robert for support, and that they asked whether they would get compensation. To this a reply was made that they would not, that they would have to look to their daughter-in-law. The witness further claimed that she later telephoned Mr. Milne, employer's president, advising him that the parents had bills to meet and again inquiring if there was any way that they could get some money to help them. A like reply was made as on the occasion of the first conversation.

Mr. Milne was a witness in the proceeding, and; while his version as to what was said is not in accord with the claim of the plaintiffs, he admitted that a conversation was held between the parties on the day following the death of Robert, in which the subject of insurance was discussed and he advised plaintiffs that he was fully covered, that he had all kinds of insurance, compensation included. Based on the testimony of Mrs. Johnson as to what she said to

---

* See CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165).—Reporter.

Mr. Milne, the appeal board found "that plaintiffs herein made claim for compensation particularly on the day following their son's death when Milne drove them home. The claim was reasonably and properly made and constitutes adequate and timely claim for compensation."

· In reaching such conclusion the appeal board relied on· the holding of this Court in *Mauch* v. *Bennett & Brown Lumber Co.*, 235 Mich 496, in which it was held that a somewhat ambiguous letter of inquiry with reference to compensation, sent by the plaintiff to his employer, was a sufficient claim therefor. The factual issue as to what was said in the instant case with reference to compensation to the parents on the ground of their claimed dependency was determined in their favor. There was testimony to support the finding, and the proofs accepted by the appeal board justified the conclusion in accordance with the holding in the *Mauch Case*. See, also, *Henderson* v. *Consumers Power Co.*, 301 Mich 564.

The proofs offered on the hearing before the deputy commissioner supported plaintiffs' claim that they were dependent on their son for support. It is not disputed that the father was in poor health and incapable of earning sufficient to support himself. The ability of the mother was also limited by physical infirmities. Their son had lived with them and, according to the testimony introduced in their behalf, his earnings had been used to support the family, including Robert's wife to whom he was married approximately 7 weeks before the fatal accident, and who was at the time of the death a member of the household. There being testimony to support the finding of the appeal board, this Court, under the statute, is bound· accordingly (CL 1948, § 413.12 [Stat Ann 1950 Rev § 17.186]).

At the time of the death of Robert Johnson on October 24, 1950, as a result of the fatal injuries sustained by him in the accident, the workmen's compensation. law did not give the right to an injured employee, or to his dependents or personal representatives, to sue a third-party tort-feasor responsible for the injuries and also seek compensation under the workmen's compensation law. It is the claim of appellants that the action of the administrator in bringing suit against the party whose negligence was alleged to have caused the death of Robert Johnson thereby precluded plaintiffs from seeking compensation. As before pointed out, plaintiffs had nothing to do with the bringing of said action, were apparently not consulted with reference to it, and no claims were made therein as to their dependency for support on the earnings of their son. Furthermore, part 3, § 15, of the workmen's compensation act (CL 1948; § 413.15 [Stat Ann 1950 Rev § 17.189]) was amended by P.A 1952, No 155, in such manner as to change the prior rule, above mentioned. The right to bring action for damages against a third party allegedly responsible for the employee's injury was declared not barred by prior proceedings for compensation under the statute, and like provision was made applicable to cases in which the action at law was brought in advance of efforts to obtain the remedy afforded by the compensation act. The scope and construction of the amendment were considered by this Court in *Rookledge* v. *Garwood,* 340 Mich 444, it being there held that the amendment was remedial in character and retroactive in its operation. In that case the plaintiff employee, who was injured before the effective date of the 1952 amendment, sought and obtained compensation under the statute. On June 10, 1953, the amendment being then in force and effect, he brought an action for damages against defendant

for personal injuries and for the use and benefit of the compensation insurance carrier. In circuit court a motion to dismiss made by defendant was granted on the ground that plaintiff Rookledge was bound by his election to accept benefits under the compensation act, in accordance with the provisions of said statute at the time he sustained his injuries. This Court reversed the order of dismissal and remanded with directions to reinstate the cause of action. In reaching such conclusion the purpose of the legislature in the enactment of the amendment was discussed at some length. In the course of the opinion the following significant statement was made (p 454):

"The legislature, in adopting the new section 15, completely abolished the prior section and must, therefore, have intended that the amendment to the act would have sufficient retroactive effect to apply to claims which had arisen prior to the enactment. This is indicated by the Senate Journal. During the pendency of the bill, an amendment was proposed to the effect that the act should apply only to employees 'as shall not have heretofore elected a remedy.' 1 Senate Journal, Regular Session 1952, p 491. This proposal was rejected and the bill became law. The intent thus expressed by legislative action should not be altered by judicial construction."

In the *Rookledge Case* the claim for compensation under the statute was made in advance of the institution of the action against the third-party tortfeasor, which case, as above noted, was not brought until after the effective date of the 1952 amendment. In the case at bar the suit at law was brought by the administrator before said amendment was enacted, and the compensation proceedings were started thereafter. Under the language of the statute, however, the difference in procedure would seem to be immaterial. The following language of the

amendatory act appears to be applicable under the facts involved in the instant case:

"In the event the injured employee or his dependents or personal representative shall settle their claim for injury or death, or commence proceeding thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided."[*]

The amendatory act of 1952 was quoted in full in the *Rookledge Case.* Specific reference to other provisions contained therein are not now required. Neither is it necessary to reiterate at length the reasons underlying the decision. The conclusions reached are applicable in the proceeding at bar, and we are in accord with the view of the appeal board in rejecting defendants' contention that the action of the administrator constituted a binding election of remedies precluding these plaintiffs from pursuing the claim for compensation that they had made immediately following the death of their son. In view of the language of the 1952 amendment to the statute, and the construction placed thereon by this Court in the *Rookledge Case,* such contention is without merit. Decisions cited by counsel, rendered prior to said amendment, are not now controlling, and consideration thereof would serve no purpose other than to emphasize the effect of the legislative action.

Specific discussion of related questions raised by counsel is not required in view of the conclusion reached on the controlling issues. It is sufficient to say that the appeal board followed the provisions of the statute, as it was bound to do, and we find

___
[*] CLS 1956, § 413.15 (Stat Ann 1957 Cum Supp § 17.189).—Reporter.

no ambiguity in the order providing for compensation to the plaintiffs in this proceeding.

The award of the appeal board is affirmed, with costs to plaintiffs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.