SERGEANT v. KENNEDY.

ACTION—WORKMEN'S COMPENSATION ACT—COEMPLOYEES—SUBROGA-
TION.

The workmen's compensation act bars all suits against coemploy-
ees by employees for injuries sustained in circumstances other-
wise compensable under the act and all employer subrogation
is limited to third persons other than natural persons in the
same employ. (CLS 1956, §§ 412.8a, 413.15).

Appeal from Wayne; Weideman (Carl M.), J.
Submitted January 15, 1958. (Docket No. 62, Calen-
dar No. 47,284.) Decided June 11, 1958.

Case by Jean Sergeant against Florence Kennedy,
a fellow employee, for personal injuries sustained
in automobile collision during course of employment.
Motion by defendant for summary judgment denied.
Defendant appeals. Reversed and remanded.

*Snider, Feikens, Dice & Thompson* (*Robert E.
Dice,* of counsel), for plaintiff.

*Carl F. Davidson,* for defendant.

*Amicus curiae:*

International Union, U.A.W., by *Harold A. Crane-
field* and *Kurt L. Hanslowe.*

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation §§ 60, 61.

VOELKER, J.  On or about July 27, 1953 (in the record and briefs we are generously given a choice of several different but close dates), the plaintiff and defendant were employees of Welcome Wagon, Inc. On the morning of that day they had occasion to drive out Gratiot avenue together on the business of their employer.  The plaintiff was a passenger and the defendant drove and owned the car.  An intersection accident occurred in which the plaintiff was injured.  Thereafter her present attorneys, then acting on behalf of her employer, filed with the workmen's compensation commission a notice of commencement of compensation payments and a notice of stopping compensation payments.  On the same date plaintiff signed an agreement with her employer to redeem liability for $2,474.  After a hearing the commission on November 5, 1954, denied the petition to redeem liability.

Thereafter on December 16, 1954, plaintiff instituted this present civil suit against defendant for injuries allegedly received in the accident of July 27, 1953.  By an appropriate pleading (motion for summary judgment of no cause of action) defendant raised the foregoing facts and claimed that the amended workmen's compensation statute hereafter referred to barred the plaintiff's present suit.  After hearing the court below denied the motion and defendant has appealed.

Under prior provisions of the act this Court has held that in these circumstances a civil damage suit against a coemployee was not barred.  (*Webster* v. *Stewart*, 210 Mich 13.)  Prior to 1952 an employee had an option and was put to an election: he could, in proper circumstances, either take compensation benefits under the act or seek civil damages against any person (including a coemployee) other than his employer.  He could not, however, do both.

We find that prior to 1952, and as far back as the time the *Webster Case* was decided in 1920, the pertinent section of the act (CL 1948, § 413.15 [Stat Ann 1950 Rev § 17.189]) provided as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

In 1952 the legislature rather elaborately overhauled that section by Act No 155 of that year, the presently pertinent portion of the amended section (CLS 1956, § 413.15 [Stat Ann 1957 Cum Supp § 17.189]) since providing:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section."

The phrase "a natural person in the same employ" was added by the 1952 amendment. In the proper interpretation of this and other changes then made, taken in the full context of the amendment, lies the key to a decision in this case. Defendant urges

here as below that the amendment bars the present civil action; plaintiff urges that it does not. We may add that no question is raised here but that the plaintiff and defendant and employer were clearly under the act and that the injuries which were sustained arose out of an accident occurring during the course of employment. Rather the question is, granting all that, whether the plaintiff in these circumstances and in view of the amendment may nevertheless maintain her present civil suit against her coemployee, this defendant.

Elaborate and resourceful are the arguments pro and con advanced by the parties as to the proper interpretation to be given the 1952 amendment. Plaintiff argues among other things that the amendment now serves to abolish the former bugbear of an election of remedies *except* as to "a natural person in the same employ" and the employer. "The statute merely states," her brief proceeds, "that, as to coemployees, the plaintiffs must elect as to which of the 2 remedies they wish to pursue." The only logical reading of the amendment, she urges, is as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a liability *in* a natural person in the same employ or the employer to pay damages in respect thereto, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments *shall* act as an election of remedies."

The plaintiff's brief then understandably hastily proceeds to assert that plaintiff had made no prior election, did not proceed to enforce compensation, accepted no compensation benefits, and that her voluntary agreement with her employer's insurer (which the commission failed to approve) did not constitute a proceeding or election by her to take

compensation. This question, however, we are not required to decide.

We think the 1952 amendment serves henceforth to bar all suits against coemployees by employees for injuries sustained in circumstances otherwise compensable under the act. In saying so we are not so brave as to suggest that legislation cannot occasionally be foolish and wrong-headed; or that this amendment is a model of draftsmanship; and we further suspect that for one to look for logic in all legislation may be as wistfully optimistic as it is vain. But if the amendment before us means what the plaintiff tells us it means—that henceforth careless co-workmen merely join their bosses in requiring of an injured worker a fatal election between them of the comparative certainties of compensation as against the possibly more lucrative if uncertain gamble of a civil suit against his co-worker—but not as against strangers—we simply ask why. Why should there be any such distinction? Moreover would not this tortured interpretation be to leave the parties in our case precisely where they were before any amendment? If so, one wonders why an injured employee should still continue to be put to his fatal election as between his boss and his bench mate but not as between his boss and the worker in the factory next door? Maybe there are sound answers to these questions, but plaintiff does not suggest them and they have so far eluded our own cerebrations.

We also wonder why the legislature would have needed to single out and mention those in the "same employ" at all if it was going to leave things precisely as they were before? Since they were singled out and mentioned is it not more logical to assume that the legislature intended some significance to attach thereto and instead meant what it rather plainly if clumsily seemed to be saying by the quoted

portion of the amendment: (a) That henceforth in these situations tort-feasor coemployees can no longer be civilly sued, and (b) that, as between the employer and strangers, injured workers are no longer to be put to an uncertain and sometimes possibly unjust fatal election of remedies. This interpretation not only appears to accord with logic, the historical background of this section, and the plain meaning of the language used in the amendment, but tends also to accord with the recent trend of kindred legislation in a growing number of sister States on this subject, as indicated and discussed by Larson in the 1952 edition of his work on Workmen's Compensation Law, § 72.20. And while our precise point was not before us in those cases, there is language inferentially supporting our present view in *Rookledge* v. *Garwood,* 340 Mich 444; and *Johnson* v. *Motor City Sales Corporation,* 352 Mich 56.

The failure, remarked by the plaintiff, of Professor Larson to list Michigan among the newly "emancipated" States in this regard can comfort neither the plaintiff nor us, and may perhaps be charitably ascribed to the good professor's recent preoccupation with other and possibly livelier matters. However timesaving to us, we cannot permit such a negative construction to be made of our statutes simply because the researches of even so eminent a legal scholar may have overlooked or misconstrued one of our amendments. As for plaintiff's trenchant quotation from Larson elsewhere in the same work (§ 72.50) to the effect that "There is no logical reason for cutting off immunity at the plant door," we can only answer that, granting all that, such stimulating philosophic speculations might better have been directed to the attention of our legislature before it passed the 1952 amendment rather than to us at this late date. It must be remembered that in interpretating statutes even appellate courts must

occasionally ruefully find themselves murmuring, to paraphrase a portion of Tennyson's—Charge of the Light Brigade—"ours is not to reason why."

Plaintiff also attaches some significance to the fact that the former subrogation provisions were by the amendment removed in cases where an employee accepts compensation for injuries caused by a coemployee. We attach significance, too, but not for the same reasons. If, as we maintain and hold, the amendment where applicable henceforth serves to bar all suits against tort-feasor coemployees by injured fellow employees, there would reciprocally scarcely seem any longer to be any need to continue to subrogate the employer. Why permit the employer to do what the injured employee himself may not do? In any case Larson (§ 72.20, *supra*) says that it is well-established that the effect of "immunity" provisions in similar statutes elsewhere is to likewise bar all subrogation suits by employers against tort-feasor coemployees of an injured workman even though not specifically spelled out in the statute. Thus the tacit removal of the subrogation feature as to such parties but its retention and even extension (the extent of which we need not and do not decide) as to nonemployee third parties is some further persuasive evidence, we think, of the intention of the legislature by this amendment to bar fellow employee suits for injuries arising out of the employment and otherwise compensable.

As plaintiff reminds us, we further note that still other portions of the act continue to permit subrogation action by the employer under certain circumstances. (CLS 1956, § 412.8a [Stat Ann 1957 Cum Supp § 17.158(1)].) We do not, however, agree with the plaintiff that such other provisions create an irresolvable inconsistency which cannot be harmonized with our present construction of the amendment under consideration. Rather we think that

such other provisions must henceforth be read in the light of our present interpretation, and that henceforth all employer subrogation in this connection is limited to third persons "other than natural persons in the same employ." It seems to us that a real inconsistency would indeed exist if we adopted the interpretation urged by plaintiff.

In view of what we have already said we do not think it is necessary for us to discuss the remaining points raised by the parties. Reversed and remanded for further proceedings consistent with this opinion. Costs to the prevailing party.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

DETHMERS, C. J., and CARR, and KELLY, JJ., concurred in the result.