HELMIC v. PAINE.

1. COURTS—OPINIONS.
   Careful consideration must be given to the facts of a case when reading an opinion rendered by a court therein, whether one considers the facts a major premise or a minor premise.

2. MASTER AND SERVANT—ACTION—FELLOW EMPLOYEES.
   An employee cannot maintain an action against a fellow employee for an injury which arises out of an accident occurring during the course of employment, the statutory bar being inapplicable unless both employees are then in the course of their employment (CLS 1956, § 413.15).

3. STATUTES—CONSTRUCTION.
   The purpose and effect of the entire act must be considered when interpreting a provision thereof.

4. MASTER AND SERVANT—ACTION AGAINST FELLOW EMPLOYEE.
   Determination of whether or not plaintiff, a plant protection man directing traffic at plant gate during change of shifts, could recover damages from defendant for injuries inflicted on plaintiff by car while defendant was en route home, because latter was in the course of his employment, will involve statutory presumption that every employee is in the course of his employment while going to and from work on his employer's premises where the work is to be performed and within a reasonable time before and after working hours, arising from a determination of where the accident occurred (CLS 1956, § 412.1).

5. SAME—ACTION AGAINST FELLOW EMPLOYEE—WORKMEN'S COMPENSATION.
   A test to determine whether or not plaintiff, a plant protection man directing traffic at plant gate during change of shifts, could recover damages from defendant for injuries inflicted on plaintiff by defendant, a fellow employee, while driving his car en route home would be whether or not defendant could obtain workmen's compensation benefits if he were a claimant and in the same or similar circumstances (CL 1948, § 413.15).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Courts §§ 131–135.
[2, 4] 35 Am Jur, Master and Servant §§ 526, 527.
[3] 50 Am Jur, Statutes § 358.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 16, 1962. (Calendar No. 72, Docket No. 49,630.) Decided February 6, 1963.

Case by Grant Helmic against Harold Paine for personal injuries sustained when struck by automobile. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded for trial.

*Sinas, Dramis, Brake & Werbelow* (*Lee C. Dramis,* of counsel), for plaintiff.

*Sessions & Denfield* (*George H. Denfield,* of counsel), for defendant.

OTIS M. SMITH, J. Plaintiff's declaration was filed August 25, 1961, claiming injury and damages by reason of the negligent operation of an automobile by defendant. Plaintiff and defendant were co-employees at the Oldsmobile Division of General Motors Corporation in Lansing. Pertinent parts of the declaration are quoted herewith:

"2. That plaintiff is employed as a plant protection man for Oldsmobile Division of General Motors Corporation at their plant located along Olds avenue, city of Lansing, Ingham county, Michigan.

"3. That as a part of plaintiff's job, he is required to assist in the direction of traffic at the plant gate during the change of shifts, and in this connection, on February 10, 1961, he was directing traffic at the Pine street entrance to the Oldsmobile plant.

"4. That in this connection, plaintiff had stationed himself in the middle of the roadway which comprises the entrance and was directing traffic both in and out of the plant.

"5. That the defendant is also an employee of Oldsmobile Division of General Motors Corporation, and at the time plaintiff was in the process of directing traffic as aforesaid, defendant was in the process of driving his automobile out of the plant gate at which plaintiff was directing traffic as aforesaid."

Defendant's answer filed August 30, 1961, categorically admitted the allegations contained in paragraphs 2 through 5 of the declaration. Defendant's answer contained the affirmative defense of contributory negligence.

A short time later, defendant filed a motion for summary judgment, claiming first that there are no questions of fact involved in the lawsuit, and second, that the rights of plaintiff are governed by the workmen's compensation act in that plaintiff is barred from a suit at law against his coemployee, the defendant. The affidavit of defendant's attorney in support of the motion, as amended, contained the assertion "That at the time of the occurrence of the accident, both plaintiff and defendant were employees of the Oldsmobile Division of General Motors Corporation and *the plaintiff was then in the scope of employment.*" (Emphasis supplied.)   In his affidavit in support of the answer to the motion, plaintiff's attorney asserts that defendant "was not acting in the scope of his employment as he drove his vehicle out of the Oldsmobile parking lot entrance and collided with the plaintiff who was situated in the middle of the street just outside the entrance to the parking lot." He claimed that defendant had already completed his work shift and had "punched out on the time clock" and that defendant had no further duties to perform for his employer. The affidavit for plaintiff asserted further that "defendant was not required to drive a car to and from work as an incident of his employment and defendant's action in driving his car at the time his vehicle collided with plaintiff as aforesaid was not an incident of defendant's employment."

A fact not in dispute is that plaintiff obtained workmen's compensation benefits between February 10, 1961, and March 18, 1961, in the amount of $272 and then again from April 6, 1961, through June 3,

1961, for an additional $433.60. Summary judgment was entered, without opinion, by the circuit judge on October 25, 1961. Claim of appeal was filed by plaintiff from this judgment in favor of defendant.

The question here presented involves an interpretation of the statute, as amended. The pertinent portion of the statute is CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189). A significant addition is italicized:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than *a natural person in the same employ* or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section."

Appellant claims that a proper construction of the words "in the same employ" is that a statutory bar to recovery in a tort action is limited to the situation in which both employees were in the course of their employment at the time when the act producing injury occurred. It should be noted again that it was claimed in appellant's affidavit that defendant was not acting in the scope of his employment at the time of the accident inasmuch as he was driving his vehicle out of the parking lot entrance when it collided with plaintiff "who was situated in the middle of the street just outside the entrance to the parking lot." Appellee denies that appellant was in the middle of Pine street, a public roadway, when the accident occurred. It is his claim that appellant was injured in the employer's parking lot while directing traffic. Appellee's contention is that, hav-

ing accepted compensation for the injuries sustained, appellant cannot now maintain suit against his co-employee for alleged common-law negligence in view of the statute and its construction in the cases, particularly, *Sergeant* v. *Kennedy,* 352 Mich 494. Appellant, by way of retort, virtually concedes that if it is found plaintiff was directing traffic in the Oldsmobile parking lot, as claimed by appellee, then appellee should succeed in his present appeal. Obviously, this position is taken in view of the statute which creates a presumption that every employee is in the course of his employment while going to and from work on his employer's premises where the work is to be performed and within a reasonable time before and after working hours. CLS 1956, § 412.1 (Stat Ann 1960 Rev § 17.151).

Appellee lays heavy stress upon the language in *Sergeant* v. *Kennedy, supra.* This case construed a portion of the statute quoted above. In *Sergeant,* suit was filed by an employee against a coemployee for injuries arising out of an automobile accident. In that case, plaintiff was a passenger in a car owned and driven by defendant, although, unquestionably, at the time, both were pursuing their employer's interest. A motion for summary judgment by defendant was denied, and this Court reversed. In the *Sergeant Case,* the facts were clear. It was said there (p 497): "We may add that no question is raised here but that the plaintiff and defendant and employer were clearly under the act and that the injuries which were sustained arose out of an accident occurring during the course of employment." Whether one considers the facts a major premise or a minor premise, certainly in no case can an opinion be read without careful consideration of the facts. The language of the decision in *Sergeant* must be read in view of its facts. *Sergeant* stands for the

proposition, among other things, that an employee cannot maintain suit against a fellow employee where the injury arises out of an accident occurring during the course of employment.

Another question is raised, however, when one employee injures a coemployee and the accident can be said not to have arisen during the course of employment. What then? Does the statute bar recovery in a separate tort action? Suppose one employee is engaged in his employer's business at some distance from his employer's premises; if he is injured by a coemployee who is on vacation, could it be seriously contested that a tort action could not be maintained? The legislature intended no such result. We conclude therefore that both employees must be in the course of their employment for the statutory bar to operate.

The statutory language, namely, "in the same employ" has been construed by New York court in the case of *D'Agostino* v. *Wagenaar,* 183 Misc 184 (48 NYS2d 410). The trial court's opinion was unanimously affirmed by the appellate division in 268 App Div 912 (51 NYS2d 756); leave to appeal to the New York court of appeals was denied, 294 NY 640 (58 NE2d 522). In the *D'Agostino Case,* plaintiff and defendant were employed by a club, plaintiff as a gardener and defendant as night watchman. Defendant lived on the premises. One afternoon, while off duty, and driving his car along one of the private roads of the club, defendant's car jumped the curb and struck the plaintiff who was mowing the grass. Plaintiff collected compensation and also brought suit against the defendant coemployee. Defendant moved for judgment notwithstanding, based upon wording in a New York statute somewhat similar to that in Michigan. In deciding the motion, the court stated as follows (p 186):

"In arriving at the meaning of the term '*in the same employ*' as used in section 29, one must consider the purpose and effect of the workmen's compensation law as a whole. With this in mind, however, it is clear that the noun '*employ*' as so used has merely its ordinary and usual meaning as synonymous with '*employment*'. (See Webster's New International Dictionary [2d ed].) The law as a whole covers injuries to employees arising out of and in the course of '*employment*'. To make section 29 applicable at all, plaintiff must have sustained an injury in the course of employment, and to be immune from suit, a coemployee causing the injuries must be '*in the same employ*', namely in the course of employment by the same employer." (Italics as in Misc reports.)

One way in which the case may be tested is whether or not the defendant could obtain compensation benefits if he were a claimant and in the same or similar circumstances. The statute has created a strong yet rebuttable presumption in the situation referred to above. The conclusion is inescapable if, as appellee says, the accident happened upon company premises the presumption is that appellee was in the course of employment. The question of where the accident happened has not been decided. This will determine, assuming other statutory requisites are met, whether the presumption applies. The ultimate fact must then be decided as to whether appellee was in the course of his employment.

Reversed and remanded for trial. Costs to appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

O'HARA, J., took no part in the decision of this case.