Patrick MEADE, Appellant,

v.

Edward RIES, Appellee.

No. 00–0369.

Supreme Court of Iowa.

Feb. 27, 2002.

Matthew G. McQuillen and Marty A. Hagge of Remley, Willems, McQuillen & Voss, Anamosa, for appellant.

Kevin R. Rogers of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

LAVORATO, Chief Justice.

Patrick Meade appeals from a summary judgment ruling in favor of the defendant, Edward Ries, dismissing Meade's negligence suit to recover for injuries he sustained when a tire owned by Ries exploded. At the time, Meade and Ries were coemployees. The injury occurred on the employer's premises when Ries, who was not on duty at the time, was working on the tire for his personal benefit. The tire exploded when Ries was called away from the tire to help another coemployee with a work-related task. The question we must decide is whether the Iowa Code section 85.20(2) (1997) coemployee immunity applies. The district court concluded the immunity did apply. We disagree and reverse and remand for further proceedings.

## I. Background Facts and Proceedings.

The incident underlying this action happened on April 18, 1998, at Swiss Valley Ag Farms, Co. (Swiss Valley) in Hopkinton, Iowa. At the time of the incident, Meade and Ries were both employees of Swiss Valley. The company sold agricultural supplies and services. It also maintained a shop and employed a maintenance staff to care for its equipment and facilities.

Ries worked for Swiss Valley as a semi driver, delivering grain, anhydrous ammonia, liquid fertilizer, and other products. Meade was a mechanic and worked in Swiss Valley's maintenance shop.

On the day in question, Ries was not scheduled to work. That morning, he brought a tire off of his manure spreader to the Swiss Valley maintenance shop to repair it. Ries determined the tire was leaking air between the bead and rim. He deflated the tire completely and cleaned the rim. After cleaning the rim, Ries took the tire to a tire cage in the shop and used an inflator ring to make the tire bead seal to the rim. He did not put the tire inside the tire cage. After using the inflator ring, Ries attached an air hose and chuck to the tire to finish inflating it.

Jason Miles, a Swiss Valley mechanic, was working in the shop on the morning in question. At the time of the incident, Miles was working on the brakes of a semi driven regularly by Ries in the course of his employment at Swiss Valley.

At some point during his repair work, Miles needed someone to push down the brake pedal on the semi. He asked Ries, who was standing nearby, to perform this task. The request came within a minute after Ries had attached the air hose to his tire. Ries obliged, and Miles determined the brakes were working properly. Ries exited the cab of the semi, came around to the front of the semi, and stood by Miles. Miles explained to Ries what the problem had been and what he had done to repair the brakes. During this conversation, Miles saw Meade enter the shop area and go to Miles's toolbox to retrieve a tool.

A minute or less after Miles saw Meade, and while Miles and Ries were talking, Ries's tire exploded and struck Meade. Ries and Miles heard Meade screaming that he was hurt, and Ries yelled for someone to call 911. At the time of the incident, Meade was performing regularly scheduled tasks during normal work hours in the area where the incident occurred.

Ries estimated he was in the semi a couple of minutes, and his conversation with Miles lasted about a minute. Miles estimated two minutes had passed between the time he asked Ries to help him and the time of the explosion. He estimated a little less than ninety seconds had passed

between the time he told Ries everything was working and the time of the explosion. Sometime after the incident, Ries told Miles the accident had occurred because he had forgotten he was putting air in his tire.

At the time of the incident, Swiss Valley had an unwritten policy that permitted employees to do private work in the shop using company equipment.

Meade filed suit against Ries, alleging he was negligent and seeking damages for the injuries Meade suffered due to that negligence. Ries answered, denying the allegations and asserting an affirmative defense of coemployee immunity pursuant to Iowa Code section 85.20(2).

Ries moved for summary judgment, alleging the court lacked subject matter jurisdiction because as a coemployee of Meade, Ries was entitled to immunity for his negligent acts under section 85.20(2). Meade resisted, asserting that Ries did not come within the class of coemployees protected by section 85.20(2), because his negligence did not arise out of and in the course of employment.

The district court sustained the motion for summary judgment.

## II. Issues.

Meade agrees with most of the district court's summary judgment ruling. His disagreement comes in the application of the court's legal conclusions to the facts of this case.

Meade contends the district court correctly concluded that section 85.20(2) does not provide absolute immunity for ordinary negligent acts committed by a coemployee. In support of his contention, Meade argues the district court correctly determined an employee is entitled to the section 85.20(2) immunity provisions only if

his or her negligent acts "arise out of" and "in the course of" employment.

Ries disputes this conclusion, arguing in favor of absolute immunity. Ries relies on his absolute immunity argument as a ground to uphold the district court's ruling.

Meade also contends the district court erred in concluding that Ries's acts "arose out of" and "in the course of" his employment.

## III. Scope of Review.

We review a summary judgment ruling for correction of errors at law. Iowa R.App. P. 4; *Bailey v. Batchelder,* 576 N.W.2d 334, 337 (Iowa 1998). Summary judgment is appropriate where the moving party shows no genuine issue of material fact exists and it is therefore entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *Bennett v. MC No. 619, Inc.,* 586 N.W.2d 512, 516 (Iowa 1998). We examine the record before the district court to determine whether any genuine issue of material fact exists and whether the district court correctly applied the law. *Schoff v. Combined Ins. Co. of America,* 604 N.W.2d 43, 45 (Iowa 1999). A "genuine" issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Sievers v. Iowa Mut. Ins. Co.,* 581 N.W.2d 633, 635 (Iowa 1998). A fact is "material" only if it is outcome determinative. *Id.*

## IV. The Absolute Coemployee Immunity Issue.

The coemployee immunity provision is found in Iowa Code section 85.20, which provides in pertinent part:

The rights and remedies provided in this chapter ... for an employee on account of injury, ... for which benefits under this chapter ... are recoverable,

shall be the exclusive and only rights and remedies of such employee ... at common law or otherwise, on account of such injury, ... against:

1. the employee's employer; or

2. any other employee of such employer, provided that such injury ... arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

Iowa Code § 85.20.

One treatise writer explains the rationale for coemployee immunity this way:

The reason for the employer's immunity is the *quid pro quo* by which the employer gives up its normal defenses and assumes automatic liability, while the employee gives up his or her right to common-law verdicts. This reasoning can be extended to the tortfeasor coemployee, who also is involved in this compromise of rights. Perhaps, so the argument runs, one of the things the coemployee is entitled to expect in return for what he or she has given up is freedom from common-law suits based on industrial accidents in which that coemployee is at fault.

6 Arthur Larson and Lex K. Larson, *Larson's Workers' Compensation Law* § 111.03[2], at 111–11 (2001) [hereinafter Larson]; *see also Seivert v. Resnick*, 342 N.W.2d 484, 485 (Iowa 1984) (citing this language).

As he did in the district court, Ries contends here that section 85.20(2) automatically applies and because no gross negligence was involved, the district court lacked subject matter jurisdiction. In support of his contention, Ries suggests a literal interpretation of the statutory language in section 85.20(2). He points out that for immunity to apply, (1) the third party must be an "other employee" of the employer, (2) the injury must not be caused by gross negligence, and (3) the "injury ... arises out of and in the course of" the injured coemployee's employment. As to the latter requirement, Ries asserts that the actions of the coemployee seeking immunity need not arise out of and in the course of his or her employment. Applying this interpretation of section 85.20(2) to this case, Ries concludes immunity must apply because (1) Ries is an "other employee" of Swiss Valley, (2) no allegation of gross negligence has been made, and (3) Meade's injury arose "out of and in the course of" his employment with Swiss Valley.

Like the district court, we are thus faced with the following question: when does the section 85.20(2) coemployee immunity provision apply? In other words, what is the proper test to determine whether a coemployee is immune from suit under section 85.20(2)?

In analyzing this issue, the district court explained that to qualify for workers' compensation benefits, an employee's injury must "arise out of and in the course of employment." *See* Iowa Code § 85.3(1). The immunity provisions of section 85.20 do not apply unless benefits under the chapter are recoverable. Therefore, the district court reasoned, before immunity can apply, the injury must "arise out of and in the course of employment."

The district court then examined the language of sections 85.20(1) and (2). It pointed out that while eligibility for benefits is the only prerequisite to employer immunity, coemployee immunity requires "something more." In particular, the injury must "arise out of and in the course of employment," and gross negligence must not be involved. *See* Iowa Code § 85.20(2).

Next, the district court looked at the "arising out of and in the course of employment" language of section 85.20(2). The court noted that this identical language appears in section 85.3(1) (providing that workers' compensation is exclusive remedy for employee against *employer* where injury arises out of and in the course of employment). Given this fact and the fact that both sections appear within close proximity within the same chapter, the court reasoned that the legislature intended that the phrases be given the same meaning.

The court then concluded:

Since the "arising out of" and "in the course of" language already fully applied to the injured worker and the employer by reason of section 85.3, it is obvious the legislature had something more in mind when it repeated the same phrase in section 85.20(2). All the language is assumed to have meaning. The only actor to whom the language had not already been applied is the "other employee." *Before a co-employee can benefit from immunity, his or her conduct must arise out of and in the course of employment.* (Emphasis added.)

We agree with the district court's interpretation and conclusion. For immunity to apply, the conduct of the coemployee seeking immunity must "arise out of" and "in the course of" employment. Ries's contrary interpretation leads to an absurd result. *See State v. Byers*, 456 N.W.2d 917, 919 (Iowa 1990) (the court seeks a "reasonable interpretation that will best effect the legislative purpose and avoid absurd results"). We do not think the legislature intended to provide the "blanket immunity" that Ries suggests. On this point, one court aptly observed:

Suppose one employe[e] is engaged in his employer's business at some distance from his employer's premises; if he is injured by a co-employee who is on vacation, could it be seriously contested that a tort action could not be maintained? The legislature intended no such result.

*Helmic v. Paine*, 369 Mich. 114, 119 N.W.2d 574, 576 (1963).

Our conclusion is consistent with the test Larson suggests:

It must be observed that *the immunity attaches to the coemployee only when the coemployee is acting in the course of employment.* This is consistent with the justification for the immunity just described, since the coemployee's employment status does not increase the risk of his causing nonindustrial injuries to his or her fellow-workers.

Larson § 111.03[3], at 111–13 (emphasis added).

## V. "Arising Out of and in the Course of Employment"—The Proper Test.

After determining coemployee immunity required "something more" than status as a coemployee, *i.e.*, a determination that the coemployee's conduct "arises out of and in the course of employment," the district court went on to discuss the applicable test. Consistent with its statutory analysis, the court determined that it had to apply the concept of "arising out of and in the course of employment," as used in traditional Iowa workers' compensation cases.

For an injury to be compensable, it must occur both in the course of and arise out of employment. *Miedema v. Dial Corp.*, 551 N.W.2d 309, 311 (Iowa 1996). An injury "arises out of" the employment if a causal connection exists between the employment and the injury. *Bailey*, 576 N.W.2d at 338. The injury arises "in the course of" employment when the injury and the employment coincide as

to time, place, and circumstances. *Id.* Both tests must be satisfied for an injury to be deemed compensable. *Id.*

■■■■ All of our existing cases interpreting the two phrases are in the context of an injured worker's qualification for benefits. Until now, no Iowa case has interpreted the phrases in the context of coemployee immunity. Because the phrases have the same meaning in both settings, we agree with the district court that the analysis should focus on whether Ries would have qualified for benefits had he been injured. Other jurisdictions have followed this approach. *See, e.g., Blank v. Chawla,* 234 Kan. 975, 678 P.2d 162, 168 (1984) ("a co-employee is immune only if he or she would have been entitled to receive workers' compensation had she or he been injured in the same accident"); *Jackson v. Hutchinson,* 453 S.W.2d 269, 270 (Ky.1970) ("A test of fellow-employee immunity is whether each of the employees involved would have been entitled to workmen's compensation benefits for any disabling injury suffered in the accident."); *Helmic,* 119 N.W.2d at 577 ("One way in which the case may be tested is whether or not the defendant could obtain compensation benefits if he were a claimant and in the same or similar circumstances."); *Mitchell v. Sanborn,* 536 N.W.2d 678, 684 (N.D.1995) ("in determining co-employee immunity, the test is whether the negligent co-employee would have been entitled to receive workers' compensation benefits if that co-employee had been injured in the same incident") (citing Larson); *Carroll v. Dist. Ct.,* 579 P.2d 828, 832 (Okla.1978) ("Had [the coemployee] received injury under these circumstances, his injury would have been compensable.").

Meade agrees this is the applicable test. His quarrel is with the district court's application of the test to the facts of this case.

Ries, on the other hand, argues that both "arising out of" and "in the course of" requirements need not be met for immunity to apply. He cites the following language from Larson in support of his argument that only the "in the course of" portion of the test need be met:

> The commonest question that arises in these cases is: which test of "course of employment" applies? Is it the workers' compensation test, or the vicarious liability test? The answer may be dictated by the wording of the immunity clause itself.
>
> . . . .
>
> *The more satisfactory test,* unless expressly ruled out by statute, *is that* adopted by Illinois, New Jersey, Kentucky, Indiana, Ohio, Oklahoma, and Florida, *which simply use the regular workers' compensation course of employment standard for this purpose.* After all, there are troubles and complications enough administering one course of employment test under the act, without adding a second. By adopting the compensation test, a court has at hand a ready-made body of cases with which to dispose of most borderline situations.

Larson § 111.03[3], at 111–13 to –15 (emphasis added).

In Iowa, however, the "regular workers' compensation 'course of employment' standard" is the "arises out of" and "in the course of" employment standard. *Bailey,* 576 N.W.2d at 338. Other courts have interpreted the Larson language the same way. *See, e.g., Sauve v. Winfree,* 907 P.2d 7, 11 (Alaska 1995) (after citing Larson, the court states, "this court's regular workers' compensation 'course of employment' standard is that an injury must have 'arisen out of and in the course of ... employment'") (citations omitted); *Donnelly v. Herron,* 88 Ohio St.3d 425, 727

N.E.2d 882, 884–85 (2000) (interpreting the Larson language the same way; "in course of" and "arising out of" requirements must be met for immunity to attach).

 The district court therefore correctly concluded that the proper test was whether Ries's actions causing Meade's injuries arose out of and in the course of Ries's employment. That brings us to the decisive issue in this case. Did the district court err in applying the test?

## V. Proper Application of the Test.

### A. The district court's application of the test.

In applying the "arising out of" and "in the course of" employment test, the district court focused on several factors. First, the court noted that Ries's purpose in being on the premises was personal and not related to his employment. These facts, the court concluded, militated against immunity.

Second, the court viewed Ries's actions in assisting Miles with the brakes of the semi Ries drove as a part of his employment. These activities, the court concluded, "were done for the benefit of the employer and had a direct relationship to Ries's employment." These facts, the court concluded, favored immunity.

Last, the court focused on the "business advantage" to Swiss Valley in offering employees the opportunity to use its shop and equipment. The court explained that Ries's very presence in the shop on the day of the accident arose out of his use of this business benefit. This aspect, the court concluded, also favored immunity.

After the court observed the issue of immunity was a "close call," the court concluded:

Given the company's approval of employee use of the premises and Ries's activities directly related to the employ-

er's benefit, the dual nature of his presence must be resolved in favor of finding that [the incident] arose out of and in the course of employment. If Ries himself had been injured in the incident, he would qualify for compensation under the Iowa Workers' Compensation provisions. The defendant is entitled to the benefit of chapter 85's immunity provisions.

Meade disagrees with the district court's application of the "arising out of" and "in the course of" employment test to the facts of this case. As a preliminary matter, he argues the focal point of the analysis should be the negligent act of inflating the tire, rather than the moment of injury. He suggests where Iowa case law refers to the "injury," we should in this case insert "negligent act."

### B. Analysis.

#### 1. "Arising out of."

 As mentioned, an injury "arises out of" the employment if there is a causal connection between the employment and the injury. *Bailey,* 576 N.W.2d at 338. Such a connection "is supplied when there is a nexus between the injury and some condition, activity, environment or requirement of the employment." 82 Am. Jur.2d *Workers' Compensation* § 263, at 258–59 (1992). In short, the "arising out of" requirement refers to the origin of the cause of the incident resulting in the injury. *Id.* § 265, at 261. To meet the "arising out of" test, the incident that caused the injury must have "occur[ed] while the employee [was] engaged in some activity or duty which [the employee was] authorized to undertake, and which [was] calculated to further, indirectly or directly, the employer's business." *Id.* at 261–62.

Where the incident causing the injury results from "ventures personal to the claimant, [such injuries] are not caused by employment and are thus excluded from coverage of workers' compensation...." *Id.* § 281, at 281. In other words, "injuries received by an employee while voluntarily engaged in some activity having no essential relation to, or connection with, the employment, and undertaken solely for the pleasure, convenience, or benefit of himself or a third person, are ordinarily not compensable as arising out of ... employment." *Id.* at 281–82; *accord Linderman v. Cownie Furs,* 234 Iowa 708, 714, 13 N.W.2d, 677, 681 (1944).

Meade argues Ries's actions did not "arise out of" his employment because no causal connection exists between the employment and the injury. He focuses on the source of the accident—Ries's negligent acts, *i.e.,* failing to use the tire cage and walking away from the inflating tire with the air chuck attached. These actions, Meade concludes, were done for Ries's own benefit and not done to further his employer's business.

In contrast, Ries argues he left the inflating tire unattended only because he was attending his work duties. The injury to Meade occurred only after Miles called Ries for assistance with repairing the semi's brakes. Therefore, Ries concludes, furtherance of his employer's interests at the time of the injury was a cause of Meade's injuries.

As mentioned, the test is whether Ries would have been entitled to receive workers' compensation benefits had he been injured in the same accident. For reasons that follow, we conclude he would have not been entitled to such benefits had he been injured in the same accident.

The following are undisputed facts. First, the incident causing the injury was the exploding tire. Second, the origin of this incident is directly traceable to Ries's inflating the tire. Third, but for his inflating the tire, the explosion and resulting injury would not have occurred. Fourth, Ries inflated the tire while off duty. Fifth, Ries inflated the tire voluntarily and not at the direction of, or compulsion by, his employer. Last, Ries inflated the tire for his own personal benefit and not for any reason connected with his employment or to further his employer's business.

These undisputed facts lead us to conclude that had Ries been injured in the same accident, his injury would not have arisen out of employment. The district court erred in concluding otherwise.

### 2. "In the course of."

An injury arises "in the course of" the employment when the injury and the employment coincide as to time, place, and circumstances. *Bailey,* 576 N.W.2d at 338. "An injury occurs in the course of employment when it is within the period of employment at a place where the employee reasonably may be in performing his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto." *Waterhouse Water Conditioning, Inc. v. Waterhouse,* 561 N.W.2d 55, 57 (Iowa 1997) (citation omitted). All three conditions—time, place, and circumstances—must be met for a claimant to receive workers' compensation benefits. 82 Am.Jur.2d *Workers' Compensation* § 270, at 267.

As is true with the "arising out of" requirement, injuries received by an employee while voluntarily engaged in some activity having no essential relationship to, or connection with, the employment and undertaken solely for the benefit of the claimant do not arise in the course of employment. *Id.* § 281, at 281–82.

Meade points out that the definition of "in the course of" employment demands that the injury arise within the time and space boundaries of the employment and in the course of an activity whose purpose is related to the employment. He argues that the district court erred when it focused on Ries's status at the time of the injury. The proper focus, Meade contends, should be on what caused the injury—Ries's actions in attempting to inflate the tire for his own benefit. Thus, Meade concludes, Ries was not doing anything within the course of employment by attempting to inflate his tire. That activity, Meade asserts, was not related to his employment.

Ries, like the district court, focuses on his actions at the time of Meade's injury. Ries argues he was acting in furtherance of his employer's business when he assisted Miles. He argues further that his actions benefited Swiss Valley because Miles would have needed to find another employee to assist him. Therefore, Ries concludes, he was acting in the course of his employment by furthering Swiss Valley's interest in maintaining its vehicles.

We agree with Meade that the proper focus should be on what caused the injury. We have already determined that the incident causing the injury was the exploding tire and that incident is directly related to Ries's inflating the tire. This activity was done at a time when Ries was not on duty. Therefore the time requirement necessary for meeting the "in the course of" employment requirement was lacking.

Additionally, Ries was performing the tire-inflating activity for his own personal benefit rather than to further his employer's business. Therefore the employment-related element necessary for the "in the course of" requirement was also lacking.

We conclude that had Ries been injured in the same accident, his injury would not have arisen in the course of employment. The district court also erred in concluding otherwise as to this requirement.

## VI. Disposition.

In sum, the undisputed facts show that had Ries been injured in the same accident, his injury would not have arisen out of and in the course of employment. For this reason, he is not entitled to coemployee immunity. Absent such immunity, the district court has subject matter jurisdiction of this action. The district court erred in ruling otherwise. We therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED.**