DELIA HANNIGAN, Administratrix, etc., of THOMAS J. HANNIGAN, Deceased, Appellant, *v.* TECHNOLA PIANO COMPANY, Respondent.

Second Department, March 23, 1923.

Negligence — action for wrongful death — plaintiff's intestate was injured through negligence of defendant while waiting to begin his day's work as fireman — injury did not arise out of and in course of employment — fellow-servant doctrine not applicable — binding election to take compensation not shown by act of intestate in accepting compensation and by filing of claim by plaintiff which was subsequently withdrawn — plaintiff's intestate was licensee — defendant is liable for active negligence — complaint erroneously dismissed since there was evidence of active negligence.

The injuries suffered by plaintiff's intestate, which resulted in his death, did not arise out of and in the course of his employment since it appears that at the time of the accident he was engaged as a fireman; that he arrived at the defendant's plant shortly before it was time to begin work; that he went to a loading platform maintained by the defendant, which was not the proper entrance for employees; that while he was waiting there and before it was time to begin work a box fell on him causing the injuries which ultimately resulted in his death, and that the accident was caused by the negligence of the defendant.

The fellow-servant doctrine is not applicable to the facts of this case since the intestate had not entered upon the performance of his duties for the day at the time of the accident.

A binding election to take compensation under the Workmen's Compensation Law is not shown by the fact that the intestate accepted compensation and by the fact that the plaintiff filed a claim for compensation which she subsequently withdrew with the permission of the State Industrial Commission.

The plaintiff's intestate was a licensee at the time of the accident and the defendant is liable for his death if it was caused by the active negligence of the defendant.

It was error for the court to dismiss the complaint at the close of the plaintiff's case since there is sufficient evidence from which a jury might find that active negligence existed.

APPEAL by the plaintiff, Delia Hannigan, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 30th day of March, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Russell H. Robbins,* for the appellant.

*Walter L. Glenney* [*Bertrand L. Pettigrew* with him on the brief], for the respondent.

RICH, J.:

For some time prior to the day of the accident decedent had been employed by the defendant as a fireman. It was his duty to report and begin work each day at four P. M. On the day of the accident he arrived at about three-twenty-five P. M., and, as

has been the custom of defendant's employees, went to a loading platform maintained by defendant to wait until it was time to report for work. Another employee, one Connelly, sat beside him. Large packing cases were being wheeled upon skids over this platform at the time from the building to a waiting automobile truck. The platform was not the proper entrance for employees and was not so used. At the entrance where employees went into defendant's building, a time clock was maintained, and this was some distance away from the loading platform. It appears that while one of defendant's employees was endeavoring to wheel the box into a waiting automobile, one of the wheels left the skid, precipitating the box onto the plaintiff's intestate, inflicting injuries which caused his death.

The trial court dismissed the complaint at the close of plaintiff's case, and denied plaintiff's motion to go to the jury. The questions raised by this appeal relate to (1) whether or not the decedent was injured in an accident arising out of and in the course of his employment; (2) whether or not the fellow-servant rule is applicable to the facts of this case, and (3) whether or not a binding election to take compensation exists.

The decedent received the injuries *before* he had entered upon the performance of his duties for the day. They were certainly not received *while he was doing the work for which he was employed.* (*Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233 N. Y. 12.) It was not because he was employed as a fireman that he was struck by the case; any other person sitting as he was might have been injured in the same manner. (*Matter of Glatzl* v. *Stumpp*, 220 N. Y. 71.) I am of the opinion the present case falls within the class of cases exemplified by *Matter of Di Salvio* v. *Menihan Co.* (225 N. Y. 123), where compensation was refused, when one employee went over to the other side of a room from where he was working to say good-bye to a fellow-employee and, while talking, caught his arm in a machine and was injured. The fellow-servant rule does not appear to be applicable to the facts of this case, for the intestate had not yet entered upon the performance of his duties for the day. It appears from the record that the intestate prior to his death had accepted compensation, and although plaintiff filed a claim, she subsequently withdrew it with the permission of the Commission. The present action is the statutory one for death (Code Civ. Proc. § 1902 *et seq.;* now Decedent Estate Law, § 130 *et seq.*, as added by Laws of 1920, chap. 919), providing for entirely different relief from that prescribed by the Workmen's Compensation Law, and I am of the opinion that it was properly brought.

The plaintiff's intestate was a licensee, to whom the defendant owed no active vigilance, but for *active* negligence it was liable. (*Morrison* v. *Hotel Rutledge Co., Inc.*, 200 App. Div. 636, 638.) If the intestate had been injured through any defect in the platform or steps, no liability attached, but there is sufficient evidence in the present case from which a jury might find that *active* negligence existed. The complaint was, therefore, improperly dismissed, and the judgment should be reversed on the law and facts, and a new trial granted, with costs to abide the event.

KELLY, P. J., JAYCOX, YOUNG and KAPPER, JJ., concur.

Judgment reversed on the law and facts, and a new trial granted, with costs to abide the event.