ANTONIO D'AGOSTINO, Plaintiff, *v.* ALBERT WAGENAAR, Defendant.

Supreme Court, Trial Term, Westchester County, April 29, 1944.

*Sydney A. Syme* for plaintiff.

*Reid A. Curtis* for defendant.

PATTERSON, J. The trial of the action resulted in a verdict in favor of the plaintiff in the sum of fifteen thousand dollars.

Defendant's counsel duly moved to set aside the verdict and dismiss the complaint, decision upon which motion was reserved.

The sole question that merits consideration to justify disturbing the verdict, and indeed, so far as I remember, the only one urged by the defendant, is whether this case is within the purview of subdivision 6 of section 29 of the Workmen's Compensation Law, which reads as follows: " 6. The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of his death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

Defendant's claim is that because plaintiff and defendant were in the employ of a common master, which is conceded, the plaintiff's exclusive remedy is to accept compensation, and that he is debarred from prosecuting this action. The facts are undisputed and are as follows:

At the time of the accident, the plaintiff was employed as a gardener by a club and was engaged in mowing grass on the club premises near the curb along a private driveway through such premises. The defendant was also employed by the club as a night watchman at a wage which included room and board. His duties required him to work from about ten o'clock at night to about seven-thirty in the morning, and his duties included patrolling the house on the premises, answering the telephone and taking messages. From about seven-thirty in the morning to about ten at night he " was on his own ". He owned a private automobile, which was kept on the club property with permission of the club, but it was not used for any club purposes. The accident occurred about two o'clock in the afternoon, at which time the defendant was driving his automobile on the club driveway, intending to go some distance from the club to visit his sister. While driving along the driveway, the car jumped the curb, ran upon the grass where plaintiff was engaged with the lawn mower, and struck the lawn mower, pushing it against plaintiff's legs and feet, causing the injuries for which the suit is brought.

The plaintiff applied for and secured compensation as an employee of the country club, but claims the right under the provisions of section 29 of the Compensation Law to bring suit against the defendant as a third person. Subdivision 1 of this section permits an employee not only to take compensation, but also " If * * * injured * * * by the negligence or wrong of another not in the same employ " to bring suit against such other person.

In arriving at the meaning of the term " *in the same employ* " as used in section 29, one must consider the purpose and effect of the Workmen's Compensation Law as a whole. (Italics supplied.) With this in mind, however, it is clear that the noun " *employ* " as so used has merely its ordinary and usual meaning as synonymous with " *employment* ". (See Webster's New International Dictionary [2d ed.].) The law as a whole covers injuries to employees arising out of and in the course of " *employment* ". To make section 29 applicable at all, plaintiff must have sustained an injury in the course of employment, and to be immune from suit, a coemployee causing the injuries must be " in the *same* employ ", namely, in the course of employment by the same employer.

The question in this particular case is, was the defendant " in the same employ " as the plaintiff at the time of the accident. *The answer to the question, of course, rests in the fixing of the time when the defendant on the day in question is to be considered stepping out of the course of his employment by the club.* I am of the opinion that in any event when the defendant entered his private automobile on the day in question to institute a personal journey, he ceased to be in the " employ " of the common employer within the meaning of the statute. The keeping and use of his automobile on club premises were solely for his own convenience. It was a personal privilege extended to him and it was no part of his employment to use his automobile in leaving or reaching his place of work. The getting into his automobile and driving the same away on the personal journey, even while he was still on the club property, was a personal act of his own choice, not associated with or having anything to do with his employment.

It is, of course, the general rule that an employee is entitled to compensation as within the course of his employment where he sustains injury on his employer's premises while going to or leaving work. However, this rule does not apply under the circumstances of this case. Certainly, everything that an employee may do on his employer's premises is not in the " employ " of the employer, and there is a clear distinction between this case, where the accident resulted from an instrumentality owned and controlled by the defendant, and those cases where an employee is injured in the use of or because of the condition of the employer's premises or facilities. The fact that the accident occurred on the premises of the employer is not necessarily controlling. (*Matter of Pisko* v. *Mintz*, 262 N. Y. 176; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229

N. Y. 489; *Matter of Di Salvio* v. *Menihan Co.,* 225 N. Y. 123; *Matter of McInerney* v. *B. & S. R. R. Corp.,* 225 N. Y. 130; *Matter of Daly* v. *Bates & Roberts,* 224 N. Y. 126; *Matter of Commissioner of Taxation and Finance* v. *Brookshire Construction Co.,* 251 App. Div. 761, affd. 275 N. Y. 578; *Matter of Van Riper* v. *Newman,* 250 App. Div. 801.)

Particularly applicable is what was said by the court in the *Van Riper* case (*supra*), which involved an accident on employer's premises to one employed as a handy man and a waiter and who lived on the employer's premises, to wit: " While the injury occurred on the premises of the employer, it occurred after hours, when the claimant was free to go where he liked and do what he pleased, and while he was serving his own ends, and when he was in no way advancing the interests of the employer. The injury was not received in the course of the employment, nor did it arise out of the employment."

The cases cited by the defendant are not controlling. The defendant was not within " the precincts of the employer " within the meaning of the decision of *Matter of Lynch* v. *City of New York* (242 N. Y. 115) when he was in a car owned, controlled and operated by him on a personal journey. In fact, the Court of Appeals in that case said of Lynch (p. 118) : " Of course, she might have while on the island (employer's premises) sustained an injury not arising out of her employment if she had turned to her own affairs ". And the cases of *Matter of Giliotti* v. *Hoffman Catering Co.* (246 N. Y. 279) and *Matter of Wood* v. *Kings Park State Hospital* (266 App. Div. 804) and other cases along the same line cited by the defendant do not apply, for in those cases " There was a continuity of employment " (words are those of courts in *Giliotti* and *Wood* cases), which had not been interrupted at the time of the accident, while in the case at bar the defendant had stepped aside from his employment to enter his personal car, the operation of which had nothing to do with his employer's affairs. This is also not a case where an accident occurred to an employee on an employer's premises during a mere temporary stepping aside from work for personal reasons, as was the situation in the other cases cited by defendant. Here there was an abandonment of employment before the accident.

To hold that the defendant in the case at bar was not " in the same employ " as the plaintiff at the time of the accident is clearly in accordance with the reasoning applied by the courts in other cases where subdivision 6 of section 29 was urged as a defense, to wit, *City of New York* v. *Fusco* (170

Misc. 564) and *Philips* v. *D'Angelo* (37 N. Y. S. 2d 108), cited by plaintiff. In these cases, the third party action against another employee was sustained on the theory that the defendant employee " was not at work at the time of the accident. He was not furthering any of the activities of his employer, the discharge of which created the background and condition of industrial compensation " (*City of New York* case) and that the defendant " was not acting for the employer * * * was performing no part of his job " (*Philips* case) at the time of the accident.

The conclusion also finds support in the " fellow servant " cases. When actions against employers to recover for personal injuries were permitted (prior to the enactment of the Workmen's Compensation Law), the general rule was that the employer was not liable for the injuries to an employee caused by the acts of another employee where the two employees were engaged " in the same employment " at the time of the accident. For instance, see *Roth* v. *Adirondack Co.* (193 App. Div. 303) where a waitress of a hotel who lived at the hotel and who was injured while riding free in the hotel bus on a personal errand during off hours, was held not in her employment so as to bar her from suit against the hotel for negligent acts of the bus driver; *Hannigan* v. *Technola Piano Company* (204 App. Div. 748) where employee injured on employer's premises shortly before entering upon his work was held not a fellow servant so as to be barred from suing the employer for negligent acts of another employee; and *Setzkorn* v. *City of Buffalo* (219 App. Div. 416, affd. 246 N. Y. 605) where an engineering inspector employed by a city was sitting in his own parked automobile making out a report when his car was collided into by a team of horses under charge of another city employee and the court held that his suit for damages to his automobile was not barred by the fellow servant rule as " his action in stepping into the car to make his report had no connection with his work as an employee of the city. His automobile was not used in or connected with his service to the city."

The defendant's motion to set aside the verdict and dismiss the complaint is denied.