Howard T. Hogan, J.
Defendant, at the close of the entire case, moved to dismiss the complaint pursuant to section 549 of the Civil Practice Act, and upon the further ground that the plaintiff herein is limited to relief under the Workmen’s Compensation Law. The jury was unable to agree upon a verdict.
The facts, in brief, are as follows: Plaintiff and defendant both were employees of Republic Aviation Corp. at Farmingdale, New York, on December 18, 1951. At the completion of their employment, at about 5:25 in the afternoon of that day, plaintiff started to walk across Conklin Street within the limits of the area controlled by Republic Aviation Corp., when he was struck by defendant’s automobile, sustaining serious injury. Following the accident the plaintiff made claim under the Workmen’s Compensation Law. An award was made to and received by the plaintiff as a result of his claim. Subsequent thereto the compensation board closed the case on the basis of the award made, pending the outcome of this third-party action.
At about the outbreak of the second World War, Republic Aviation Corp., which owned property on either side of a road or highway known as Conklin Street and also known as Long Island Highway, which runs in an easterly and westerly direction, fenced all of its property. At about the same time, the Suffolk County superintendent of highways, upon the request of *27 the Superintendent of Public Works of the State of New York, closed that portion of Conklin Street from the point where it enters the land of Republic Aviation Corp. on the east, pursuant to section 104 of the Highway Law. Since that time, and up to and including the date of the accident, some 11 years later, Republic Aviation Corp. has maintained its own guards and a movable barrier across Conklin Street, thereby preventing the use thereof by the public. The employer corporation, by its enclosure of its land and by virtue of the act of the county superintendent of highways, exercised complete control over all of that portion of Conklin Street which intersects its lands. Thus the accident occurred on the “ premises ” of plaintiff’s employer.
Plaintiff argues that since this defendant was operating his automobile in a “car-pool” arrangement and at the time of the accident had in his automobile four other passengers, that even though he was still upon the employer’s premises, he had abandoned his employment before the accident. Plaintiff contends that by this car-pool arrangement, the defendant had embarked upon a private venture of his own, pointing out that one of the passengers had a ticket which permitted this defendant to park his car inside the gates, apparently a special privilege. Hence, at the time of the accident, he says, the defendant was acting outside the scope of his employment in providing transportation for his coemployees, in that he was acting for himself and not for his employer; that the use of his automobile upon the premises of the employer was solely for his own convenience and was in effect, a personal privilege extended to him and therefore no part of his employment, citing as authority Philips v. D’Angelo (37 N. Y. S. 2d 108). Therefore, he argues, the Workmen’s Compensation Law was no bar to this action.
With this the court cannot agree. Subdivision 6 of section 29 of the Workmen’s Compensation Law reads as follows: “ 6. The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.”
There can be no question that this plaintiff was injured on the premises of his employer by a fellow employee, or, at least, he was injured upon premises (Conklin Street) which were under the exclusive control o'f the employer.
The instant case is distinguishable from D’Agostino v. Wagenaar (183 Misc. 184, affd. 268 App. Div. 912) relied upon by the plaintiff. There, although plaintiff and defendant were fellow employees, and the accident occurred on the em *28 ployer’s premises, defendant lived on the premises, and at the time of the accident was not on his way home, hut had embarked upon a “personal journey”, thus stepping out of the course of his employment (p. 186). It cannot be said that the defendant, by having four passengers in his automobile under the car-pool arrangement, had deviated from his employment to such an extent that he was no longer associated with his employment. Generally an employee who is injured on the premises of his employer in going to or from work, is said to he within the course of his employment and hence entitled to compensation (Tynan v. Ellingwood, 122 N. Y. S. 2d 768). Ordinarily, the employment of individuals is deemed to continue, while the employee is on his way home until egress from the premises has been wholly completed. (Ritornato v. Schuth, 278 App. Div. 996.) “The going to and from the actual work and the risk involved in it are reasonably incidental to the employment” (Matter of Kowalek v. New York Cons. R. R. Co., 229 N. Y. 489, 492).
I find that this plaintiff is limited exclusively to the benefits under the Workmen’s Compensation Law. Accordingly, the motion to dismiss the complaint is granted.