ERNEST M. GROVES, JR., Plaintiff Below, Appellant, v. HUGH MARVEL, Defendant Below, Appellee.

(*October* 14, 1965)

WILCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Robert C. O'Hora,* for the plaintiff below, appellant.

*Albert L. Simon,* for the defendant below, appellee.

Supreme Court of the State of Delaware No. 56, 1965.

HERRMANN, Justice.

This appeal requires interpretation of the co-employee immunity-from-suit provision of the Delaware Workmen's Compensation Law.

The facts, viewed in the light most favorable to the plaintiff, are these: The plaintiff and the defendant were both employed by Automotive Importers, Inc. (hereinafter "Automotive") which engaged in the business of automobile sales and service. The plaintiff was service manager, with the primary duty of diagnosing customers' service needs and assigning the work; the defendant was an automobile salesman. On a Saturday, at about 12:30 P.M., as the plaintiff was preparing to close the service area (closing hour being 1:00 P.M.), the defendant drove an automobile, recently puchased from Automotive and owned by his wife, into the service area, the plaintiff's customary place of work. The defendant's customary place of work was the showroom. The vehicle had been parked in a nearby company parking area awaiting completion of repairs necessitated by an accident in which the defendant had been involved. The defendant drove the vehicle into the service area to wash it and to remove signs of the accident so that his wife would not learn

about it. After placing the vehicle on the wash rack, the defendant asked the plaintiff if he noticed a "miss" in the motor. The plaintiff replied that he did and the defendant asked the plaintiff to look at the engine. The plaintiff opened the hood and asked the defendant to start the motor so that he might try to locate the trouble. Instead of entering the car, the defendant reached through the window and switched on the ignition. The defendant had left the vehicle in gear and, consequently, the car jolted when the motor stated and pinned the plaintiff against the wooden doors behind him. The plaintiff sought and was granted workmen's compensation benefits for the injuries thus sustained. He subsequently brought this negilgence action against the defendant for the same injuries.

The defendant moved for summary judgment claiming immunity from suit under 19 *Del. C.* Sec. 2363(a).[1] Upon the pleadings and affidavits, the Superior Court agreed and granted summary judgment in favor of the defendant. See 209 A.2d 462. The plaintiff appeals.

The plaintiff's first argument is that summary judgment is barred by the existence of genuine issues of material ;fact; the defendant denies the materiality of any issue of fact raised. We have disposed of this problem by adopting *arguendo*, the plaintiff's version of the facts.

The ultimate questions before us are the meaning of the words "person in the same employ", as used in Sec. 2363(a), and whether the

----

[1] 19 *Del. C.* Sec. 2363(a) provides as follows:

"Sec. 2363. Third person liable for injury; right of employee to sue and seek compensation; right of employer and insurer to enforce liability; notice of action; settlement and release of claim effect; amount of recovery; reimbursement of employer or insurer; expenses of recovery, apportionment; compensation benefits

"(a) Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than a natural person *in the same employ* or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependants or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. * * *." (Emphasis supplied.)

defendant falls within that classification so as to be immune from this action.

The purpose of Sec. 2363(a), and like enactments, is to exclude co-employees from the category of "third persons" who may be sued by an injured employee, and thus to bar common law negligence suits against co-employees by fellow employees or by subrogated employers in connection with compensable injuries. It appears that the employer's immunity from suit has been legislatively extended to co-employees in a number of states on the theory that, as part of the *quid pro quo* in the compromise of rights which forms the basis of workmen's compensation, employees are entitled to freedom from negligence suits for compensable injuries. The rationale for such legislation seems to be that by becoming employed in industry, the worker multiplies the probability of not only injury to himself but also liability to others; and if he is exposed to ruinous suits for damages by co-employees, the beneficent effects of workmen's compensation are too drastically reduced. See 2 Larson's Workmen's Compensation Law, Sec. 72.20.

The statutory language here under examination is not original in Delaware. The pertinent portion of Sec. 2363(a), adopted as an amendment to our Workmen's Compensation Law in 1955, is identical to an amendment to Michigan's Law adopted in 1952. The wording "in the same employ" is also found in similar statutes of New Jersey and New York. The courts of those States have construed the subject language:

There is uniformity of opinion that a "person in the same employ" means a person employed by the same employer and acting in the course of his employment at the time of the injury to the co-employee. It is agreed that the statutory language requires more than an employer in common without regard for the time, place, or circumstances of the accident; and that it encompasses more than acts within the scope of the offending employee's regular duties. *Helmic v. Paine*, 369 Mich. 114, 119 N.W. 2d 574 (1963), *Sergeant v. Kennedy*, 352 Mich. 494, 90 N.W.2d 447 (1958), *D'Agrostino v. Wagenaar*, 183 Misc. 184, 48 N.Y.S.2d 410 (1944), aff'd 268 App.Div. 912, 51 N.Y.S.2d 756, *Konitch v. Hartung*, 81 N.J. Super. 376, 195 A.2d 649 (1963), 2 Larson's Workmen's Compensation Law, Sec. 72.20. We adopt this generally accepted meaning of the statutory language.

We come down, then, to the question of whether the defendant

here was acting in the "course of his employment" at the time of the accident. This terminology has been considered by our courts. In *Dravo Corporation v. Stronsnider* 4 Terry 256, 45 A.2d 542 (1945), Judge Rodney said:

"The reguirement that an injury occur 'in the course of his employment' relates to the time, place and circumstances of the accident. It covers those things that an employee may reasonably do or be expected to do within a time during which he is employed, and at a place where he may reasonably be during that time."

And in *Children's Bureau v. Nissen* 3 Terry 209, 29 A.2d 603, 607 (1942), the distinction between the terms "in the course of" and "arising out of" employment was stated by Chief Justice Layton as follows:

"An injury may occur in the course of employment without any essential causal relation between the employment and the injury. The requirements, 'in the course of his employment', and 'out of * * * the employment' must conjoin. The former relates to the time, place and circumstances of the accident; the latter to its origin and cause. * * *."

It is clear, therefore, that to have been acting in the course of his employment, the the defendant need not have been engaged in a regular duty or function of his own employment at the time of injury to the plaintiff. Thus, neither the language of Sec. 2363(a) nor the established definition of "course of employment" imposes such requirement as a requisite for immunity. *Konitch v. Hartung,* supra. The cloak of the immunity Statute covers the defendant if the act complained of was one which the defendant might reasonably do, or be expected to do, within a time during which he was employed and at a place where he could reasonably be during that time — even through outside his regular duties.

Two well recognized types of act outside the scope of regular duties fall within "course of employment": one is helping a co-employee with his work; the other is creating good will for customers. 1 Larson's Workmen's Compensation Law, Secs. 27.11, 27.22(a). Indeed, it is agreed by the parties herein that, as a general proposition, an employee acts within the course of his employment, so

as to be cloaked with the immunity of Sec. 2363(a), if the performance of the act was in furtherance of the master's business.

What, then, is the status of this defendant under Sec. 2363(a) when his action is tested by the above standards? Starting the motor at the plaintiff's request was the crux of the matter—not the defendant's motive in bringing the car into the service area in the first place. In starting the motor, was the defendant acting in the course of his employment? We think that, under the plaintiff's own version of the facts, the affirmative is the only answer reasonably possible. The adjustment of the motor was within the scope of the plaintiff's regular duties and in furtherance of Automotive's interests because the automobile had been purchased recently from, and had just been repaired by, Automotive. The accident occured during regular business hours at a place where the defendant could reasonably be during working hours; and switching the ignition and starting the motor, at the plaintiff's request, was an act which the defendant could reasonably do, or be expected to do, in furtherance of Automotive's interests. The defendant was helping a co-worker in the latter's work and was promoting customer good will, well recognized "course of employment" activities, although outside the scope of regular duties.

But, the plaintiff agrues, the defendant was primarily motivated by his personal interest in the car and not by the business interests of the employer. Undoubtedly, the defendant was especially interested in the automobile here involved because it was owned by his wife; but it is not reasonable to suppose that, as a salesman, the defendant would not have started the motor at the plaintiff's request if the vhecile had belonged to an ordinary customer. Assuming a dual purpose at the moment of switching the ignition, it is only reasonable to conclude that personal and business motivations were concurrent. The defendant's action in starting the motor was not removed from "course of employment" activities, under the above guidelines, by the defendent's personal interest in the vehicle.

We conclude, as a matter of law, that the defendant was a "person in the same employ" as the plaintiff, within the meaning of Sec. 2363(a), and was therefore entitled to the protection of the Statute.

It appearing that there is no issue of fact which, resolved in favor of the plaintiff, would hold the defendant liable to the plaintiff on his claim, the summary judgment in favor of the defendent was correct and is affirmed.