888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Randall F. BISHOP, Leona H. Bishop, his wife, Plaintiffs-Appellants,
v.
Patricia TWIFORD, Defendant-Appellee.
 No. 87-2017.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1989.
Decided Oct. 25, 1989.
 
 Daniel F. O'Brien (Joseph Johnson, White, Mindel, Clarke & Hill on brief) for appellants.
 David W. Allen (James E. Gray, Jeanne B. Bardner, Semmes, Bowen & Semmes on brief) for appellee.
 Before HARRISON L. WINTER and SPROUSE, Circuit Judges, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The procedural background and the facts of this case are set forth in this Court's attached Certification Order of this Court dated July 27, 1989 and the attached opinion of the Court of Appeals of Maryland filed September 5, 1989 with respect to that certification. In accordance with the opinion of Maryland's highest court, we reverse the judgment of the district court and remand the case to the district court for further proceedings in accordance with that opinion.
 
 
 2
 REVERSED AND REMANDED.
 
 ATTACHMENT
 CERTIFICATION ORDER
 
 3
 July 27, 1988.
 
 
 4
 TO THE HONORABLE CHIEF JUDGE AND JUDGES OF THE COURT OF APPEALS OF MARYLAND
 
 
 5
 This case involves a suit between two co-workers arising out of an automobile accident. Plaintiff Randall Bishop[1] (Bishop) and defendant Patricia Twiford (Twiford) are both employees of Hercules, Inc. (Hercules), a Delaware corporation with its principal place of business in that state.[2] Bishop is a citizen of Pennsylvania,[3] and Twiford is a citizen of Maryland.[4]
 
 
 6
 The automobile accident which is the basis of Bishop's claim against Twiford occurred in the parking lot of the General Motors plant in Baltimore City, Maryland on December 2, 1982, while both Bishop and Twiford were making a sales call on General Motors. It is undisputed that Twiford was operating the vehicle in which Bishop was a passenger, that that vehicle was owned by Hercules, and that the accident occurred while both parties were acting within the scope of their employment by Hercules. Bishop alleges that Twiford negligently ran a stop sign in the General Motors parking lot and that, as a result, she hit a car which was crossing in front of her in the parking lot. Bishop also claims that he was injured when the two cars collided with each other. In keeping with its duties as a self-insurer under the Delaware workmen's compensation statute, see Del.Code Ann. tit. 19, Secs. 2372-74, Hercules later paid for the medical expenses arising out of Bishop's injuries.
 
 
 7
 On November 26, 1985, Bishop filed suit against Twiford and Hercules in the United States District Court for the District of Maryland, based on Twiford's alleged negligence in causing the December 2, 1982 accident. On January 30, 1987, the District Court granted summary judgment in favor of both defendants.[5] With regard to defendant Hercules, the court held that the workmen's compensation statutes of both Maryland and Delaware barred Bishop's suit against his employer.[6] As to defendant Twiford, the district court noted that, although the Delaware workmen's compensation statute precludes suits between co-workers arising out of claims of negligence,[7] Maryland workmen's compensation law "does not impose such a threshold bar." Hauch v. Connor, 295 Md. 120, 126, 453 A.2d 1207 (1983). However, the district court concluded that on the facts of this case, the Court of Appeals of Maryland would apply the Delaware workmen's compensation bar to suits between co-workers even though Maryland rather than Delaware is the forum state and even though the accident occurred in Maryland. In reaching its decision, the district court relied upon Hauch, supra, as well as upon Hutzell v. Boyer, 252 Md. 227, 249 A.2d 449 (1969).[8]
 
 
 8
 Bishop and Twiford agree that Hauch and Hutzell set forth the choice of law principles applicable under Maryland law in a workmen's compensation setting, but disagree as to the result which should follow from applying those legal principles to the facts of this case. Even though he is not a citizen of Maryland, Bishop argues that Maryland has an interest in allowing his suit to go forward because (a) the accident occurred in Maryland; (b) the defendant had some contacts with Maryland at the time the accident occurred;[9] and (c) because some resources of the State of Maryland are almost inevitably expended in connection with any accident occurring within Maryland's borders. Twiford, on the other hand, emphasizes Maryland's lack of interest in the resolution of this case since (a) plaintiff is a Pennsylvanian (b) the employment relationship arose and existed in Delaware; and (c) Bishop's medical expenses have been paid pursuant to Delaware workmen's compensation law.
 
 
 9
 While we recognize that Hauch and Hutzell provide guidelines for the choice of law in this case, it is not clear to us how a court applying Maryland law would apply those cases to the facts of this case. Accordingly, since the resolution of the parties' contentions involves application of Maryland law, we hereby certify to the Court of Appeals of Maryland for decision the following question under Md.Cts. & Jud.Proc.Code Ann. Secs. 12-601 and 12-603:
 
 
 10
 Under Maryland choice of law principles, would a Maryland court allow a co-worker to sue another co-worker for a negligent act occurring during the course of employment, when the plaintiff co-worker is not a Marylander, the defendant co-worker's ties to Maryland at the time of the accident were not great, the negligent act occurred within the state of Maryland, the employer of both the plaintiff and defendant co-workers is a foreign corporation and is an approved self-insurer in compliance with the workmen's compensation law of the state of its incorporation, the plaintiff co-worker applied for and received workmen's compensation benefits from his employer, and the workmen's compensation law of the foreign state bars suits against co-employees for acts of negligence?
 
 
 11
 This certification is made with the concurrences of Chief Judge WINTER, Circuit Judge SPROUSE and Senior District Judge KAUFMAN.
 
 IN THE COURT OF APPEALS OF MARYLAND
 Misc. No. 16
 September Term, 1988
 
 12
 RANDALL F. BISHOP, et ux.
 
 
 13
 v.
 
 PATRICIA J. TWIFORD
 
 14
 Murphy, C.J.
 
 Eldridge
 Cole
 Rodowsky
 McAuliffe
 Adkins
 
 15
 Blackwell, JJ.
 
 
 16
 Opinion by Eldridge, J.
 
 Filed: September 5, 1989
 
 17
 Pursuant to the Maryland Uniform Certification of Questions of Law Act,[1] the United States Court of Appeals for the Fourth Circuit has certified to this Court a question concerning Maryland choice of law principles. It is whether, under the particular circumstances of the case, a Maryland court would apply Maryland's or Delaware's worker's compensation statute with regard to the allowability of a suit by one co-worker against another co-worker based on a negligent act occurring during the course of employment. As we pointed out in Hauch v. Connor, 295 Md. 120, 121, 453 A.2d 1207 (1983), the "Maryland Workmen's Compensation Act permits an employee, suffering a compensable injury because of the negligence of a fellow employee, to bring a personal injury action against that co-employee.... The Delaware Workmen's Compensation Act, however, prohibits such co-employee actions. Groves v. Marvel, 59 Del. 73, 213 A.2d 853, 855 (1965)."
 
 
 18
 The underlying facts, as set forth in the certified question, in the certification order, and in the record, disclose contacts with Maryland, with Delaware, and, to a small extent, with Pennsylvania. The litigation results from an automobile accident that occurred in Maryland in 1982. Randall Bishop, a resident of Pennsylvania, and Patricia Twiford, a resident of Maryland, were both employees of Hercules, Inc., a corporation chartered and headquartered in Delaware. Twiford was assigned by Hercules to work primarily in Maryland.[2] Bishop was Regional Sales Manager for Hercules and was Twiford's supervisor. On December 2, 1982, in the course of their employment, they made a sales call on the General Motors plant in Baltimore, Maryland. Twiford was driving an automobile owned by Hercules, and Bishop was her passenger. Bishop alleges that he was injured when Twiford negligently ran a stop sign in the General Motors parking lot and struck another vehicle. Hercules, which operates as a self-insurer under the Delaware Workmen's Compensation Act, paid for Bishop's medical expenses caused by the accident.
 
 
 19
 On November 26, 1985, Bishop filed suit in the United States District Court for the District of Maryland against both Twiford and Hercules, basing his claim on Twiford's alleged negligence. On January 30, 1987, the United States District Court granted summary judgment in favor of both Twiford and Hercules.[3] With respect to the claim against Twiford, the court applied Delaware's Workmen's Compensation Act, which, as previously mentioned, bars fellow employee suits. The federal court was of the view that the principles set forth in Hauch v. Connor, supra, and Hutzell v. Boyer, 252 Md. 227, 249 A.2d 449 (1969), required the application of Delaware's worker's compensation law.[4]
 
 
 20
 Bishop appealed to the United States Court of Appeals for the Fourth Circuit from the grant of summary judgment in favor of Twiford. Bishop contended that, under Maryland's choice of law principles, Maryland worker's compensation law should apply with respect to the allowability of the co-employee suit. Thereafter the United States Court of Appeals certified this issue to us.
 
 
 21
 As both federal courts and the parties have pointed out, the two Maryland cases which control the question before us are Hutzell v. Boyer, supra, 252 Md. 227, 249 A.2d 449, and Hauch v. Connor, supra, 295 Md. 120, 453 A.2d 1207.
 
 
 22
 In Hutzell two Maryland residents, who worked exclusively in Virginia for a Virginia corporation, were involved in an accident in Maryland while driving a company vehicle home from work. One of the employees, Boyer, filed a worker's compensation claim in Maryland, which was denied. No worker's compensation claim was filed in Virginia. Boyer then filed a tort action in Maryland against Hutzell, his fellow employee, who had been driving the vehicle at the time of the accident. At issue was whether to apply Virginia or Maryland's worker's compensation law. Virginia, unlike Maryland, does not permit fellow employee actions. This Court affirmed the trial court's ruling that Maryland's worker's compensation law should apply.
 
 
 23
 The Hutzell Court's decision was based primarily on Maryland public policy. The Court was "not persuaded" by the defendant's argument that there was no Maryland "public policy against granting immunity to fellow employees from tort action, as provided in the Virginia statute." 252 Md. at 233, 249 A.2d at 452. The Court also believed that the place of the injury was significant, stating "that the State of Maryland has a genuine interest in the welfare of a person injured within its borders," ibid.[5]
 
 
 24
 The Court in Hutzell specifically rejected the reasoning of Stacy v. Greenberg, 9 N.J. 390, 88 A.2d 619 (1952), in which the Supreme Court of New Jersey applied a New York worker's compensation law which banned fellow employee suits. The Hutzell Court said of Stacy (252 Md. at 236, 249 A.2d at 454):
 
 
 25
 "[W]hereas the New Jersey Court found that it was not obnoxious to the public policy of that state to apply ... the New York statute making the co-employee immune from suit, we are unable to make a similar finding with regard to the Virginia statute and the public policy of Maryland."
 
 
 26
 Hauch v. Connor, supra, involved an accident that took place in Delaware. The plaintiffs and the defendant were all residents of Maryland and were all regularly employed in Maryland by the same corporation. While driving through Delaware in the course of their employment, the parties were involved in a collision. The plaintiffs applied for and received benefits under Maryland's worker's compensation law. The plaintiffs then brought a personal injury action in Maryland against their co-worker who had been driving at the time of the accident. The trial court, using tort choice of law principles, applied Delaware's Workmen's Compensation Act to bar the fellow employee suits and granted summary judgment to the defendants. The Court of Special Appeals reversed, and this Court affirmed the intermediate appellate court.
 
 
 27
 The Hauch opinion first made clear that the choice of law principles, relevant to whether a co-employee suit was allowable, were not those of tort law but those of worker's compensation law. We next indicated in Hauch that the choice of law decision regarding the applicable worker's compensation law requires a determination of which jurisdiction has the greater interests at stake. The Court concluded that "[i]n the instant case, although the injury did not occur in Maryland, there are greater Maryland interests." 295 Md. at 133, 453 A.2d at 1214. In weighing those interests, the Court in Hauch balanced the interest of Delaware in a suit arising from an accident that took place within its borders against the various interests of Maryland: (1) Maryland's public policy was to allow fellow employee suits; (2) the parties were Maryland residents; (3) the parties were normally employed in Maryland; and (4) all the parties applied for and received benefits under Maryland's Workmen's Compensation Act.
 
 
 28
 The present case calls for the balancing of the various factors enumerated in Hutzell and Hauch. In our view, the Maryland interests are greater than those of Delaware, and thus Maryland law should apply.
 
 
 29
 The most important factor weighing in favor of applying Maryland law is the public policy of Maryland, the forum state, permitting fellow employee actions. This was the decisive factor discussed in Hutzell. Moreover, we stated in Hauch (295 Md. at 133, 453 A.2d at 1214):
 
 
 30
 "With regard to the threshold matter of whether the court is open to a particular litigant, obviously the policy of the forum state is extremely important. In this respect, the bar or absence thereof in a state's workmen's compensation statute is somewhat analogous to the bar of a state's statute of limitations. The latter matter, of course, is controlled by the law of the forum."
 
 
 31
 While very important, the public policy of the forum state is not itself dispositive. Other factors in the present case favoring application of Maryland law are that the injury occurred in Maryland, the defendant was a resident of Maryland, and the defendant's primary place of employment is Maryland.[6]
 
 
 32
 The primary factor weighing in favor of applying Delaware law is that Hercules, the employer of both the plaintiff and defendant, is headquartered in Delaware. Nevertheless, Hercules apparently engages in substantial business actively in Maryland. The other asserted Delaware interests are at best questionable. In her brief, Twiford asserted that Delaware was Bishop's primary place of employment. At oral argument, however, Twiford's counsel stated that Bishop worked in Delaware more than in any other single state but conceded that he spent a majority of his working days in other states along the eastern seaboard, including Maryland. Moreover, the situs of the employment relationship involved in the present case, i.e., Bishop's supervision of Twiford in the latter's work, was largely Maryland.
 
 
 33
 The only other factor arguably favoring application of Delaware law is that, in the words of the certification order, "[i]n keeping with its duties under the Delaware workmen's compensation statute ... Hercules later paid for the medical expenses arising out of Bishop's injuries." This factor's significance is lessened, however, because Hercules may have had as much duty to pay for Bishop's medical expenses under Maryland's Workmen's Compensation Act as under Delaware's. It appears in this case that Maryland was a part of the territory which Bishop supervised and to which he routinely traveled for his work. The record is not sufficient for us to determine whether the injury would have been exempt from the Maryland Workmen's Compensation Act under the provisions of Art. 101, Sec. 21(c)(4).[7] In any event, we believe that the significance of the employer's paying benefits "in keeping with ... the Delaware workmen's compensation statute" is minimal.
 
 
 34
 In light of Maryland's public policy, the occurrence of the injury in Maryland, the residence of the parties, the defendant's being principally employed in Maryland, and the plaintiff's being her supervisor for that employment, we conclude that Maryland's worker's compensation law, rather than Delaware's statute, is determinative.
 
 
 35
 CERTIFIED QUESTION ANSWERED AS HEREIN SET FORTH. COSTS IN THIS COURT TO BE EVENLY DIVIDED.
 
 
 
 [1]
 The other named plaintiff, Leona Bishop, is Randall Bishop's wife, who joins him in a claim for loss of consortium. The consortium claim is not related to the issue of law which is the subject of this certification order
 
 
 [2]
 At the time of the accident, Bishop was a regional sales manager for Hercules, and was assigned to the eastern region of the United States, which included the state of Maryland; and Twiford was a sales representative for Hercules
 
 
 [3]
 Leona Bishop is also a citizen of Pennsylvania
 
 
 [4]
 Since both plaintiffs were citizens of Pennsylvania, Twiford a citizen of Maryland, and Hercules a citizen of Delaware on November 26, 1985, the date upon which this case was filed, diversity jurisdiction exists. 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3608 (2d ed. 1984). However, defendant Twiford's points of contact with the State of Maryland were somewhat different on the date of the accident from those which existed at the time this case was instituted. The relevant and material facts in that regard are discussed infra at note 9
 
 
 [5]
 The district court delivered its oral opinion on January 30, 1987, and entered final judgment on February 9, 1987
 
 
 [6]
 Bishop does not challenge the court's grant of summary judgment as to Hercules
 
 
 [7]
 Del.Code Ann. tit. 19, Sec. 2363(a); Groves v. Marvel, 59 Del. 73, 213 A.2d 853, 855 (1965)
 
 
 [8]
 As an additional basis for its decision, the district court cited to Md.Ann.Code art. 101, Sec. 21(c)(4), which provides in relevant part:
 An employee and his employer who are not residents of this State and whose contract of hire is entered into in another state shall be exempted from the provisions of this article while such employee is temporarily or intermittently within this State doing work for such nonresident employer.... The benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this State.
 The court reasoned that because Sec. 21(c)(4) precludes suits against out-of-state employers on facts such as those at bar, by implication that statutory section also bars suits by a worker against a co-worker when the statute's requirements have otherwise been met.
 
 
 [9]
 The record indicates that at the time of the automobile accident Twiford had recently been transferred from her job at a Hercules facility in Texas to Hercules's office in Marshallton, Delaware, that she had a Texas driver's license and drove a car with Texas license plates, and that she had business cards indicating a Delaware business address. Immediately after the accident occurred, Twiford gave to a policeman a Kensington, Maryland address. According to Twiford, the Kensington address was that of her mother which she was using as a local mailing address, but she herself "stayed [in Kensington] on an infrequent basis." J.A. 55. However, Twiford had apparently stayed at the Kensington address the night prior to the day of the accident, and indicated in an answer to an interrogatory that her mother's home was her "home" at that time. See J.A. 31
 At the time this case was filed on November 26, 1985, Twiford resided in Elkton, Maryland.
 
 
 [1]
 Maryland Code (1974, 1984 Repl.Vol.), Secs. 12-601 through 12-609 of the Courts and Judicial Proceedings Article
 
 
 [2]
 According to the certification order, when the accident happened, Twiford had recently been transferred from her job at a Hercules facility in Texas, and she still had a Texas driver's license and Texas plates on her car. The certification order went on as follows:
 "Immediately after the accident occurred, Twiford gave to a policeman a Kensington, Maryland address. According to Twiford, the Kensington address was that of her mother which she was using as a local mailing address, but she herself 'stayed [in Kensington] on an infrequent basis.' ... However, Twiford had apparently stayed at the Kensington address the night prior to the day of the accident, and indicated in an answer to an interrogatory that her mother's home was her 'home' at that time....
 "At the time this case was filed on November 26, 1985, Twiford resided in Elkton, Maryland."
 That Twiford was "assigned to work primarily in Maryland" is set forth in an affidavit of Mr. Bishop and again in the Statement of Facts in the Appellants' Brief, p. 2. The Appellee Twiford, in the Appellee's Brief, p. 2, states that she "adopts Plaintiffs' Statement of Facts," with certain exceptions. None of the exceptions relates to the statement that Twiford was assigned to work primarily in Maryland.
 
 
 [3]
 Bishop did not challenge the grant of summary judgment in favor of Hercules
 
 
 [4]
 The United States District Court, as an alternative basis for its decision, relied on a section of the Maryland Workmen's Compensation Act, Code (1957, 1975 Repl.Vol.), Art. 101, Sec. 21(c)(4), which provides:
 "An employee and his employer who are not residents of this State and whose contract of hire is entered into in another state shall be exempted from the provisions of this article while such employee is temporarily or intermittently within this State doing work for such nonresident employer.... The benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this State."
 In the words of the certification order, "[t]he [district] court reasoned that because Sec. 21(c)(4) precludes suits against out-of-state employers on facts such as those at bar, by implication that statutory section also bars suits by a worker against a co-worker when the statute's requirements have otherwise been met." We disagree with the district court's interpretation of this statute. Assuming arguendo that Sec. 21(c)(4) would preclude a suit against an out-of-state employer under the facts of this case, we believe that the language of the statute has no application to suits between co-workers.
 
 
 [5]
 Hutzell also indicated that if the case before it were viewed as presenting a tort conflict of laws issue, rather than a conflict between divergent worker's compensation laws, the principle of lex loci delicti would dictate application of Maryland law. 252 Md. at 233, 249 A.2d at 452. Nevertheless, the Court's initial reliance on Maryland public policy and the concern for those injured in Maryland was prior to, and separate from, the discussion of lex loci delicti. See the discussion of Hutzell in Hauch v. Connor, 295 Md. 120, 132-133, 453 A.2d 1207 (1983)
 
 
 [6]
 The residence of the plaintiff, being Pennsylvania, is a neutral factor with regard to applying Maryland or Delaware worker's compensation law
 
 
 [7]
 See note 3, supra